■ In the Matter of DONALD FAISON, Appellant, v BRIAN D. TRAVIS, as Chairman of New York State Board of Parole, Re-

spondent. [688 NYS2d 782] —Appeal from a judgment of the Supreme Court (McGill, J.), entered June 15, 1998 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Board of Parole denying petitioner's request for parole release.

Petitioner, an inmate serving a prison term of $8\frac{1}{3}$ to 25 years as a result of his conviction of manslaughter in the first degree, appeared before the State Board of Parole for the fourth time and was again denied parole. Petitioner commenced this CPLR article 78 proceeding challenging the determination which denied his application for parole release. Supreme Court dismissed the petition and we affirm.

A review of the record reveals that the Board considered relevant statutory factors, placing emphasis on petitioner's lack of insight into the serious and violent nature of the crime. In light of this and the fact that petitioner failed to demonstrate that the determination was affected by irrationality bordering on impropriety, we find no reason to disturb the Board's discretionary decision (see, Matter of Anthony v New York State Div. of Parole, 252 AD2d 704, lv denied 92 NY2d 812, cert denied 525 US 1183; Matter of Barrett v New York State Div. of Parole, 242 AD2d 763). With respect to petitioner's "achievements" during his incarceration, we note that the Board is not required to expressly discuss every factor it considers in reaching its determination (see, Matter of Garcia v New York State Div. of Parole, 239 AD2d 235, 239). In any event, petitioner's "achievements" do not automatically entitle him to parole release (see, Executive Law § 259-i [2] [c]).

Petitioner's remaining contentions have been reviewed and found to be unavailing.

Mercure, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.