■ In the Matter of DAMIAN C. ROSSNEY, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [699 NYS2d 319] —Appeal from a judgment of the Supreme Court (Malone, J.), entered February 23, 1999 in Albany County, which dismissed

petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner was sentenced to concurrent prison terms of $8^1/_3$ to 25 years and 5 to 15 years following his conviction of the crimes of conspiracy in the second degree and criminal facilitation in the second degree as a result of his involvement in the events surrounding the death of his friend's father, who was murdered on December 13, 1986, along with three other victims (*see, People v Rossney*, 178 AD2d 765, *lv denied* 79 NY2d 1007; *People v Gates*, 153 AD2d 68, *lv denied* 75 NY2d 966). Petitioner made his initial appearance before respondent on January 8, 1997, which resulted in the denial of his application for parole release.* Following an administrative appeal, respondent's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. A review of the record reveals that respondent explored and considered the relevant statutory factors, placing emphasis on petitioner's lack of insight into the reasons underlying his behavior in this serious matter. Given this and the fact that petitioner failed to demonstrate that the determination was affected by irrationality bordering on impropriety, we find no reason to disturb respondent's discretionary decision (*see, Matter of Faison v Travis*, 260 AD2d 866). We wholly reject petitioner's assertion that he was improperly asked questions concerning what transpired prior to his arrest. Furthermore, with respect to petitioner's claim that certain misstatements of fact were included in respondent's determination, we note that even if we agreed with petitioner's interpretation of the wording, we do not agree that the alleged inaccuracies resulted in a violation of petitioner's constitutional rights or involved matters that would have affected respondent's decision to deny parole (*see, Matter of Brazill v New York State Bd. of Parole*, 76 AD2d 864). We have examined petitioner's remaining arguments and find them to be similarly unpersuasive.

Cardona, P. J., Mercure, Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

* Although petitioner was scheduled to reappear before respondent in January 1999, his next appearance was deferred, at his request, until January 2000.