■ In the Matter of WAYNE HICKSON, Appellant, v BRION D. TRAVIS, as Chairperson of the New York State Division of Parole, Respondent. [721 NYS2d 404] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 10, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison term of 11 to 22 years arising out of his conviction, following a plea of guilty, of robbery in the first degree for his role in forcibly stealing $357,000 from an armored car. During the course of the robbery, petitioner and an accomplice shot and seriously wounded two armed guards. Petitioner appeared before the Board of Parole for an initial parole release interview on March 16, 1999. Petitioner's application for parole release was denied and, following an administrative appeal, the Board's decision was af-

firmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. The record discloses that the Board considered the relevant statutory factors, placing emphasis on the seriousness of the offense and petitioner's lack of insight into its seriousness (*see*, Executive Law § 259-i [2] [c]; *see also, Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183). Since petitioner failed to demonstrate that the determination was affected by irrationality bordering on impropriety, we find no reason to disturb the Board's discretionary determination that petitioner was not currently an acceptable candidate for parole release (*see, Matter of Faison v Travis*, 260 AD2d 866, 867, *appeal dismissed* 93 NY2d 1013).

The remaining arguments advanced by petitioner have been examined and found to be unpersuasive under the circumstances.

Cardona, P. J., Crew III, Graffeo, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.