■ In the Matter of ALLEN MACK, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, et al., Respondents. [723 NYS2d 905] —Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered August 16, 2000 in

Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner challenges the denial of his request for parole release on the ground that he was denied due process by the parole interview being conducted by use of a two-way television. Contrary to petitioner's assertions, the use of teleconferencing technology in conducting a parole interview "is consistent with the statutory requirement that petitioner be 'personally interview[ed]' " (*Matter of Vanier v Travis*, 274 AD2d 797, 798, quoting Executive Law § 259-i [2] [a]). Here, although petitioner was not interviewed by the Board of Parole, this resulted from petitioner's refusal to participate in the hearing despite his objection to the use of the teleconferencing having previously been addressed.

Furthermore, inasmuch as the Board considered relevant statutory requirements in denying petitioner's request for parole release, the decision will not be disturbed (*see, Matter of Serna v New York State Div. of Parole*, 279 AD2d 684).

Cardona, P. J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.