█ In the Matter of JOHN B. RIVERA, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [734 NYS2d 506] —Appeal from a judgment of the

Supreme Court (McNamara, J.), entered May 18, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner has been in prison since 1994 serving an aggregate sentence of six years to life after having been convicted of, *inter alia*, criminal sale of a controlled substance in the second degree and four counts of criminal possession of a weapon in the third degree. In April 2000, the Board of Parole denied petitioner's application for parole release. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record demonstrates that the Board considered the relevant statutory factors in denying petitioner's request for parole release, including petitioner's certificate of earned eligibility, positive accomplishments in prison and exemplary disciplinary record. It concluded, however, that based on the serious and violent nature of the crime, there was a reasonable probability that petitioner would not live and remain at liberty without violating the law and that his release is incompatible with the safety and welfare of the community (*see, Matter of Velasquez v Travis*, 278 AD2d 651). Notwithstanding petitioner's contrary argument, the fact that he received an earned eligibility certificate does not preclude the Board from denying his application for parole release (*see, Matter of Barad v New York State Bd. of Parole*, 275 AD2d 856, *lv denied* 96 NY2d 702). Likewise, we reject petitioner's assertion that the Board failed to consider his postrelease plans inasmuch as the Board is not required to discuss every factor it considers in reaching its determination (*see, Matter of Faison v Travis*, 260 AD2d 866, *appeal dismissed* 93 NY2d 1013). Accordingly, in light of petitioner's failure to demonstrate that the Board's determination was affected by a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77), we perceive no basis upon which to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release (*see, Matter of Barad v New York State Bd. of Parole, supra*). Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.