■ In the Matter of JOHN RAMAHLO, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [737 NYS2d 160] —Appeal from a judgment of the Supreme Court (Tomlinson, J.), entered July 17, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison term of 5 to 15 years following his 1993 conviction of the crime of manslaughter in the second degree arising out of the death of his estranged wife. On the evening of her death, petitioner had gone to his wife's residence to look through her personal papers. To avoid a confrontation, he forcibly sedated his wife with chloroform, an act that led to her death.

Petitioner's appearance before the Board of Parole in May 2000 resulted in the denial of his application for parole release. He then commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition, and we now affirm. "Determinations rendered by the [Board] are discretionary and are generally not subject to judicial review if made in accordance with the requirements of the statutory guidelines * * *" (*Matter of Dudley v Travis*, 227 AD2d 863, 863, *lv denied* 88 NY2d 812 [citations omitted]; *see*, Executive Law § 259-i [5]). We find that the statutory requirements were met here (*see*, Executive Law § 259-i [2]). The Board is not required to expressly discuss each of the statutory factors or to give the same weight to each (*see*, *Matter of Rodriguez v Travis*, 283 AD2d 699). Here, the Board focused on the gravity of petitioner's crime and his failure to take responsibility for it, e.g., he appeared to view his wife's death as accidental. The Board also expressed concern that petitioner had failed to inform the police or medical personnel attempting to resuscitate his wife that her comatose condition was the result of exposure to chloroform, a failure that illustrated his disregard for her welfare. The Board concluded that even though petitioner had obtained a certificate of eligibility for parole, his immediate release would pose a risk to the safety of the community.

We are not persuaded by petitioner's assertion that the Board denied his application because its members are prejudiced against middle class, educated inmates (petitioner holds a Bachelor's degree and a Master's degree in material engineering from Rensselaer Polytechnic Institute and was previously employed as an engineer by General Electric Company). Nor are we persuaded by his remaining assertions of error on the part of the Board. As petitioner has failed to demonstrate that the determination was affected by error or "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77), there is no ground upon which to disturb it; hence, his petition was correctly dismissed by Supreme Court (*see*, *Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183; *Matter of Barrett v New York State Div. of Parole*, 242 AD2d 763).

Mercure, J.P., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.