■ In the Matter of CARLOS VALDERRAMA, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [796 NYS2d 758]—

Rose, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 6, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving prison terms aggregating 25 years to life imposed after his 1980 conviction of murder in the second

degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree for the shooting death of a store owner during a robbery. In September 2003, petitioner made his initial appearance before the Board of Parole and his request for parole release was denied. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition, and this appeal ensued.

We affirm. Initially, we reject petitioner's contention that Supreme Court was required to review the Board's determination under the standard of substantial evidence (*cf. Matter of Rivera v State of N.Y. Exec. Dept. Bd. of Parole*, 268 AD2d 928 [2000]; *Matter of Almeyda v New York State Div. of Parole*, 251 AD2d 739, 740 [1998]). Our settled jurisprudence is that a parole determination made in accordance with the requirements of the statutory guidelines is not subject to further judicial review unless it is affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Harris v Chair of Div. of Parole*, 17 AD3d 822, 823 [2005]). Here, the record reveals that the Board considered the relevant statutory factors in making its determination, including petitioner's positive prison disciplinary history, numerous educational and vocational accomplishments and plans upon release (*see* Executive Law § 259-i [2] [c] [A]). Although particular emphasis was placed upon the violent nature of petitioner's underlying crimes, the Board was not required to weigh each statutory factor equally or grant parole as a reward for petitioner's exemplary institutional behavior and accomplishments (*see Matter of Salahuddin v Travis*, 17 AD3d 760, 760 [2005]; *Matter of Hurdle v New York State Bd. of Parole*, 283 AD2 739 [2001]). Accordingly, as the Board was vested with the discretion to determine whether petitioner's release would be compatible with the welfare of society, we decline to disturb its determination (*see Matter of Ramahlo v Travis*, 290 AD2d 911, 912 [2002], *lv denied* 98 NY2d 601 [2002]; *Matter of Rivera v Travis*, 289 AD2d 829, 830 [2001]).

Finally, we are unpersuaded by petitioner's equal protection claim alleging that the Board treated him differently from other inmates who have committed similarly serious crimes. Inasmuch as the Board's ruling in this instance bears a rational relationship to the legitimate objective of community safety and respect for the law, we conclude that Supreme Court properly dismissed this claim (*see Village of Willowbrook v Olech*, 528 US 562, 564

[2000]; *Matter of Doe v Coughlin*, 71 NY2d 48, 57 [1987], *cert denied* 488 US 879 [1988]). We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.