██ In the Matter of DAVID SILVERMAN, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [800 NYS2d 855]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered March 29, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 5 to 15 years upon his 1996 conviction of assault in the first degree for shooting a man in the back during a verbal altercation. Petitioner commenced this CPLR article 78 proceeding challenging respondent's denial of his request for parole release upon his second appearance. Supreme Court dismissed the petition and this appeal ensued.

We affirm. "Notwithstanding the receipt of a certificate of earned eligibility, [respondent] is justified in denying parole release where it concludes, based upon a review of the relevant statutory factors, that the inmate's release is not compatible with the welfare of society or that the inmate will not be able to

live and remain at liberty without violating the law, if released" (*Matter of Morrero v Dennison,* 19 AD3d 960, 961 [2005] [citations omitted]; *see* Correction Law § 805; Executive Law § 259-i [1] [a]; [2] [c] [A]; *Matter of Valderrama v Travis,* 19 AD3d 904 [2005]). Here, inasmuch as the record reveals that respondent considered the relevant factors and there is no evidence that its decision is tainted by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]), we find no basis upon which to disturb that decision.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.