In the Matter of IVAN RIOS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [806 NYS2d 776]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 11, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1987 of two counts of murder in the second degree after he fatally shot two young males during a street brawl. He was sentenced to concurrent terms of 18 years to life in prison. He made his first appearance before the Board of Parole in April 2004. At the conclusion of the hearing, the Board denied him parole release due primarily to the serious and violent nature of his crimes, and ordered him held for 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. The record discloses that, in addition to the serious nature of petitioner's crimes, the Board took into account other relevant statutory factors set forth in Executive Law § 259-i in making its decision (*see Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole*, 20 AD3d 668, 669 [2005]). The Board was not required to give all factors equal weight nor to specifically articulate each factor considered (*see Matter of Carter v Dennison*, 19 AD3d 974, 975 [2005]; *Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]). Inasmuch as we find that the Board's decision does not demonstrate " 'irrationality bordering on impropriety,' " there is no reason to disturb it (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). We have considered petitioner's remaining contentions and find them to be unavailing.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.