■ In the Matter of Freeman Webb, Appellant, v Brion D. Travis, as Chair of the New York State Board of Parole, Respondent. [810 NYS2d 233]—

Spain, J. Appeal from a judgment of the Supreme Court (Mc-Carthy, J.), entered February 18, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving prison terms aggregating 10 years to life imposed upon his 1994 conviction of criminal possession of a weapon in the second degree and reckless endangerment in the first degree for a drug-related shooting incident (*People v Webb*, 222 AD2d 466 [1995], *lv denied* 87 NY2d 978 [1996]). In August 2003, petitioner made his initial appearance before the Board of Parole by teleconference, and his request for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition in a written decision, and this appeal ensued.

We affirm. It is well established that judicial review of a parole determination is limited to whether it was made in accordance with the applicable statutory factors or evinces " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Wellman v Dennison*, 23 AD3d 974, 975 [2005]). Here, the record reveals that the Board appropriately considered numerous factors in making its determination, including petitioner's institutional record, vocational accomplishments and plans upon release (*see* Executive Law § 259-i [2] [c] [A]). Although emphasis was placed upon the violent nature of the instant crime and petitioner's failure to accept responsibility, as well as his criminal history reflecting two parole violations and that he committed these offenses while on parole, the Board was not required to equally weigh or discuss each statutory factor or reward petitioner's achievements while incarcerated (*see Matter of Rios v New York State Div. of Parole*, 24 AD3d 1147 [2005]; *Matter of De Lagarde v New York State Div. of Parole*, 23 AD3d 876, 876 [2005]). Inasmuch as the Board was vested with the discretion to determine that petitioner's "persistent criminal involvement" made release inappropriate, we will not disturb its determination (*see Matter of Ramahlo v Travis*, 290 AD2d 911, 912 [2002], *lv denied* 98 NY2d 601 [2002]; *Matter of Rivera v Travis*, 289 AD2d 829, 830 [2001]).

Moreover, there is no demonstrable merit to petitioner's "class of one" equal protection claim that the Board treated him differently from other inmates by requiring him to appear by teleconference despite his speech impediment. Given that the

teleconference posed no obstacle to communications during the hearing and was rationally related to ensuring a personal interview (*see Matter of Mack v Travis*, 283 AD2d 700, 701 [2001], *lv dismissed* 96 NY2d 896 [2001]), we conclude that Supreme Court properly dismissed this claim (*see Village of Willowbrook v Olech*, 528 US 562, 564 [2000]; *Matter of Doe v Coughlin*, 71 NY2d 48, 57 [1987], *cert denied* 488 US 879 [1988]).

We have examined petitioner's remaining contentions, many of which are unpreserved, and find that none supports disturbing the determination.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.