# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**414**

**CA 13-01119**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF RICHARD ROBLES,
PETITIONER-APPELLANT,

                    V                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered May 22, 2013 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition pursuant to CPLR article 78 seeking to annul the determination of the New York State Division of Parole (Parole Board) in May 2012, denying him parole release. We agree with petitioner that his appeal is not moot inasmuch as the determination has not expired during the pendency of this appeal, and he has not reappeared before the Parole Board (*cf. Matter of Robles v Evans*, 100 AD3d 1455, 1455). We nevertheless reject the contention of petitioner that Supreme Court erred in determining that the Parole Board properly denied parole release. "Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined" (Executive Law § 259-i [2] [c] [A]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476). We conclude that the record establishes that the Parole Board considered the relevant factors in determining that petitioner's release would be incompatible with the welfare of society and would so deprecate the serious nature of his crimes as to undermine respect for the law (*see* § 259-i [c] [A]), and petitioner has made no " 'showing of irrationality bordering on impropriety' " to warrant judicial intervention (*Silmon*, 95 NY2d at 476; *see Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77; *Matter of Montane v Evans*, ___AD3d ___, ___ [Mar. 13, 2014]). We further conclude that the Parole Board properly considered the COMPAS

instrument, which was "intended to bring the [Parole] Board into compliance with recent amendments" to section 259-c (4) of the Executive Law (*see Matter of Malerba v Evans*, 109 AD3d 1067, 1067, *lv denied* 22 NY3d 858).  We reject petitioner's further contention that the court erred in determining that, under the circumstances presented here, the Parole Board was not required to consider his sentencing minutes.  The record establishes that petitioner's sentencing minutes—from 1966—are unavailable (*see Matter of Freeman v Alexander*, 65 AD3d 1429, 1430).

Entered:  May 9, 2014                              Frances E. Cafarell
                                                   Clerk of the Court