Egan Jr., J.
(concurring). On February 11, 1982, James Carragher, an off duty police officer, was walking home from work when he was accosted, robbed and murdered on a street in Brooklyn. Upon reviewing the extensive record before this Court, I fully agree with the majority that the determination rendered by the Board of Parole in this matter was neither arbitrary and capricious nor constituted an abuse of discretion, and I am similarly satisfied that, contrary to the view expressed by my dissenting colleagues, the Board’s decision was not premised upon a misunderstanding of the relevant facts or the consideration of improper factors. Indeed, my analysis of the record leads me to conclude that the Board’s decision to deny *1276 parole to petitioner under the circumstances presented here was entirely proper, and I write separately only to comment briefly upon the impact of petitioner’s institutional record and the seriousness of the underlying offense.
As the majority aptly observes, parole is not a reward for good behavior in prison (see Executive Law § 259-i [2] [c] [A]; Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]; Matter of Robles v Fischer, 117 AD3d 1558, 1559 [2014]; Matter of Mentor v New York State Div. of Parole, 87 AD3d 1245, 1246 [2011], lv denied 18 NY3d 803 [2012], cert denied 566 US —, 132 S Ct 2437 [2012]), and although petitioner has made significant strides while incarcerated, his institutional record in no way alters the fact that he stands convicted of society’s most heinous crime — the taking of a fellow human being’s life. Similarly, the mere fact that certain of the statutory factors and guidelines (see Executive Law § 259-i [2] [c] [A] [i], [iii], [vii], [viii]) militate in petitioner’s favor or that petitioner scored well on the COMPAS Risk and Needs Assessment instrument neither undermines nor negates the seriousness of his offense. In this regard, the prevailing case law — as extensively summarized by the majority — makes clear, that, so long as the Board considers the relevant statutory factors, it is free to place “particular emphasis” on the gravity of the underlying crime (Matter of Valderrama v Travis, 19 AD3d 904, 905 [2005]). As I am satisfied that the Board indeed gave appropriate consideration to all of the relevant statutory factors and, further, did not abuse its discretion in emphasizing the nature of petitioner’s crime in denying his request for parole, I discern no basis upon which to disturb the Board’s determination.