■ In the Matter of FRANK DUDLEY, Appellant, v TRAVIS BROWN, as Chair of the New York State Division of Parole, Respondent. [642 NYS2d 386] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered October 3, 1995, in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for release on parole.

Petitioner was convicted in May 1967 of first degree murder involving the stabbing death of a 68-year-old woman in the course of a robbery from which defendant realized $13, which he used to buy drugs. He subsequently returned two times to the victim's apartment to steal additional property. Petitioner was sentenced to 20 years to life imprisonment. Petitioner has made five applications for release on parole, each of which was denied. The most recent denial occurred in July 1994, following which petitioner commenced the instant CPLR article 78 review proceeding. Supreme Court dismissed petitioner's application from which petitioner appeals.

Determinations rendered by the Division of Parole are discretionary and are generally not subject to judicial review if made in accordance with the requirements of the statutory guidelines (*see*, Executive Law § 259-i [1], [2]; *see also, Matter of King v New York State Div. of Parole*, 190 AD2d 423; *Matter of Baker v Russi*, 188 AD2d 771). Petitioner contends that the Board's determination constituted an abuse of discretion because it was based on the wrong standards, that is, petitioner's lack of remorse, the brutality and depravity of the offense and petitioner's prior history of mental illness. We disagree. We find the consideration of these matters to be entirely appropriate in a determination denying parole (*see, Matter of Walker v New York State Div. of Parole*, 203 AD2d 757; *Matter of King v New York State Div. of Parole*, 190 AD2d 423, 431,

*supra, affd* 83 NY2d 788; *Matter of Baker v Russi, supra).* Taken together, they directly relate to the statutory standards that govern the Board's decision *(see,* Executive Law § 259-i [2] [c]). The grounds relied upon are sufficient to warrant denial of parole.

We have examined petitioner's remaining arguments and find them to be without merit.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.