■ In the Matter of JOHN TROBIANO, Appellant, v STATE OF NEW YORK DIVISION OF PAROLE, Respondent. [728 NYS2d 269] —Spain, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered February 14, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, age 66, is serving a sentence of imprisonment of 25 years to life for his 1971 conviction, after a jury trial, for murdering his girlfriend. The Board of Parole denied his most recent 1999 request for parole release—made after serving 29 years in prison—based on, among other factors, the violence of the crime wherein he shot the victim three times and stabbed her approximately 17 times. Petitioner commenced this CPLR article 78 proceeding challenging that denial and now appeals from Supreme Court's dismissal of the petition.

We affirm. Initially, petitioner contends that Supreme Court improperly dismissed his application on the ground that he served the notice of petition and petition upon respondent less than 20 days prior to the return date, where the Attorney General was timely served (*see*, CPLR 7804 [c]). The Attorney General concedes that Supreme Court made no finding that respondent was prejudiced by the late service, but argues that the dismissal should be affirmed on the merits. While we find that respondent did not demonstrate substantial prejudice so as to warrant dismissing the petition on this basis (*see, Matter of Brown v Casier*, 95 AD2d 574, 576-577), we nevertheless agree with Supreme Court's extensive alternate analysis that the petition should be dismissed on the merits.

It is well settled that "[d]eterminations rendered by the

[Board] are discretionary and are generally not subject to judicial review if made in accordance with the requirements of the statutory guidelines" (*Matter of Dudley v Brown*, 227 AD2d 863, 863, *lv denied* 88 NY2d 812; *see, Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899; Executive Law § 259-i [1], [2], [5]). Contrary to petitioner's contention that the Board's decision was based solely on the seriousness of the crime, the record supports the conclusion that the Board considered the other relevant statutory factors in denying petitioner's release, including its interview with petitioner, his failing health and his positive institutional record.

The record for this third appearance before the Board demonstrates that petitioner has significantly deteriorated health—including emphysema requiring institutional hospitalization and supplemental oxygen around the clock—which, combined with an outstanding institutional record, are compelling factors suggesting that he could be released without violating the law and that his release would not be incompatible with the welfare of society or deprecate the seriousness of his crime more than 30 years earlier (Executive Law § 259-i [2] [c] [A]). Further, the record reflects very positive evaluations dating back to 1972 for his various prison jobs, and his initial 1995 inmate status report indicates that over the years, he has been "one of the best behaved inmates," "requires little or no supervision" and is a "hard working, diligent individual, completely interested in maintaining his area responsibility to the highest standards possible." He was recommended for executive clemency in 1984, which was denied. With regard to the 1971 crime, the record demonstrates that petitioner attacked his girlfriend of several years in front of dozens of witnesses outside a hospital, in a fit of rage and jealousy because she was ending their relationship. Thus, in our view, petitioner's application was supported by numerous compelling factors to counterbalance the severity of the 1971 offense, the latter being an unchangeable factor.

However, emphasis by the Board on the seriousness of petitioner's crime is permissible and does not establish that its ultimately discretionary determination was affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77; *see,* Executive Law § 259-i [1] [a] [i]; [2] [c]) and, of course, the Board is not required to expressly discuss—or give the same weight to— each statutory factor (*see, Matter of Rodriguez v Travis*, 283 AD2d 699; *Matter of Charlemagne v State of New York Div. of*

*Parole*, 281 AD2d 669, 670). Finally, petitioner was not certified by a physician to be suffering from a terminal condition, as required to be eligible for medical parole (*see,* Executive Law § 259-r).

Petitioner's remaining contentions, including his claim that he was denied due process, have been examined and found to be lacking in merit. Accordingly, we discern no basis to disturb the determination.

Cardona, P. J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.