■ In the Matter of ABDULLAH Y. SALAHUDDIN, Appellant, v BRION D. TRAVIS, as Chair of the Board of Parole, et al., Respondents. [791 NYS2d 862]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered May 28, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving concurrent prison terms of 25 years to life and 7½ to 15 years imposed after his conviction in 1978 of murder in the second degree and manslaughter in the second degree for the shooting death of the owner of a grocery store during a robbery. Petitioner reappeared before the Board of Parole in July 2003 and his request for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

Parole determinations are not subject to further judicial review if they are made in accordance with statutory requirements (*see* Executive Law § 259-i [5]), unless the record demonstrates a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Here, the record reveals that the Board considered the relevant statutory factors (*see* Executive Law § 259-i [2] [c] [A]), including petitioner's commendable achievements during incarceration, good disciplinary record, plans upon release and prior successful completion of parole supervision. While particular emphasis was placed upon the serious nature of the instant offense and petitioner's criminal history, the Board is not required to discuss or give equal weight to all factors considered in rendering its determination (*see Matter of Lewis v Travis*, 9 AD3d 800, 801 [2004]; *Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433-434 [2003]). We are satisfied upon our review of the record that the determination was a proper exercise of discretion, and not an automatic denial of parole based upon an informal executive branch policy (*see Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]). Petitioner's remaining contentions, including that the Board relied on erroneous information, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.