█ In the Matter of ALAN J. STASINSKI, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [795 NYS2d 404]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered October 29, 2004 in Albany County, which

dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is presently incarcerated at Auburn Correctional Facility in Cayuga County where he is serving a sentence of 15 years to life for his conviction of two counts of murder in the second degree stemming from the shooting death of his parents. Petitioner appeared before the Board of Parole in 1995, 1997, 1999, 2001 and 2003 and, on each occasion, the Board denied his application for release on parole, based largely on the violent nature of his crime. In the Board's 2003 decision, the Board specifically took into consideration that, since his last appearance, petitioner had incurred a tier II disciplinary sanction for fighting with another inmate and noted that he had spent his time in voluntary protective custody rather than in the general population, thereby reducing his ability to show that if released he would adjust as a law-abiding citizen in the community. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition and this appeal ensued.

A determination denying parole release will not be disturbed absent a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). In reviewing an inmate's request for parole release, the Board must consider various statutory factors (*see* Executive Law § 259-i [2] [c] [A]), but it is not required to give equal weight to or discuss every factor it considered in reaching its discretionary determination (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). While the Board did note the seriousness of the crime, which is entirely permissible (*see Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 813 [2001], *lv denied* 97 NY2d 607 [2001]), it did not place undue emphasis on it, as petitioner claims. The record reflects that the Board properly considered other statutory factors, such as petitioner's ability to integrate well into the community and his program participation and release plans (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Inasmuch as the Board considered the appropriate factors, we decline to disturb its determination.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.