■ In the Matter of JULIO VASQUEZ, Appellant, v STATE OF NEW YORK EXECUTIVE DEPARTMENT, DIVISION OF PAROLE, Respondent. [797 NYS2d 655]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered January 24, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

---

Petitioner is serving a sentence of 15 years to life imposed upon his 1975 conviction of murder in the second degree for the beating death of an off-duty police officer. In August 2003, petitioner made his eighth appearance before the Board of Parole and his request for parole release was denied. Having exhausted his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition and this appeal ensued.

As petitioner failed to demonstrate that the Board's determination was affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Stasinski v Travis*, 18 AD3d 1106, 1107 [2005]), we affirm. Despite petitioner's assertion to the contrary, our review of the record satisfies us that the Board considered numerous statutory factors apart from the severity of petitioner's underlying offense, including his favorable prison disciplinary history, program participation and plans upon release (*see* Executive Law § 259-i [2] [c] [A]). Although emphasis was placed upon the seriousness of petitioner's crime, which included the beating of the victim with a meat cleaver and subsequent dismemberment of the body, the Board was not required to assign equal weight to or elaborate upon every factor, or grant parole merely to reward petitioner's positive rehabilitative efforts (*see Matter of Salahuddin v Travis*, 17 AD3d 760, 760 [2005]; *Matter of Zayd WW. v Travis*, 17 AD3d 755, 755-756 [2005]). Accordingly, we find no reason to disturb the Board's discretionary determination.

Cardona, P.J., Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.