■ In the Matter of FELIX RIVERA, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [805 NYS2d 861]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered May 11, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1993 of attempted murder in the second degree and criminal possession of a weapon in the third degree, and was sentenced, respectively, to consecutive prison terms of 8 to 24 years and 2 to 6 years. In 1995, he was convicted of attempted escape in the first degree and sentenced to a prison term of 1½ to 3 years, to run consecutive to the other two sentences. In February 2003, he made his first appearance before the Board of Parole and his request for parole release was denied. At his second appearance in August 2004, the Board again denied his request and ordered him held for an additional 24 months. Petitioner commenced this CPLR article 78 proceeding challenging the Board's decision and, following service of respondent's answer, Supreme Court dismissed the petition. This appeal ensued.

Contrary to petitioner's claim, the transcript of the parole hearing reveals that the Board took into consideration the appropriate statutory factors in making its decision, including the serious nature of his crimes, as well as his good disciplinary record, program accomplishments and postrelease plans (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole*, 20 AD3d 668, 669 [2005]; *Matter of Morel v Travis*, 18 AD3d 930, 931 [2005]). Although the Board ultimately concluded that the serious nature of petitioner's crimes outweighed the other factors, it was not required to accord each factor equal weight (*see Matter of Carter v Dennison*, 19 AD3d 974, 975 [2005]). Moreover, there is nothing in the record to substantiate petitioner's assertion that the Board's decision was premised on an executive policy to deny parole to violent felons (*see Matter of Salahuddin v Travis*, 17 AD3d 760 [2005], *lv denied* 5 NY3d 707 [2005]). In sum, petitioner has not made a showing that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Inasmuch as his remaining contentions have been reviewed and found to be without merit, there is no basis for disturbing the Board's decision.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.