■ In the Matter of Louis Tatta, Appellant, v Robert Dennison, as Chair of the New York State Board of Parole, Respondent. [809 NYS2d 296]—

Kane, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered June 20, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is presently serving an aggregate prison term of $13^{1}/_{3}$ to 40 years as a result of his 1988 convictions of burglary in the first degree, unlawful imprisonment in the first degree and six counts of assault in the first degree. The convictions stemmed from an incident in which petitioner broke into his former girlfriend's apartment and stabbed her and her sister. Following the Board of Parole's denial of petitioner's request for release and the subsequent administrative affirmance thereof, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued. We affirm.

Preliminarily, petitioner's argument that the Board's determination must be altered because it is not supported by substantial evidence is misplaced (*see Matter of Valderrama v Travis*, 19 AD3d 904, 905 [2005]). The established rule of law is that a parole release determination is discretionary and will not be disturbed absent a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). With that said, our review of the record herein reveals that the Board properly considered the pertinent statutory factors (*see* Executive Law § 259-i), particularly taking into account the violent nature of the instant offense, petitioner's criminal history and previous escape when incarcerated on an unrelated matter, petitioner's institutional record and program achievements, and petitioner's release plans (*see Matter of Farid v Travis*, 17 AD3d 754, 755 [2005], *appeal dismissed* 5 NY3d 782 [2005]; *Matter of Flood v Travis*, 17 AD3d 757, 757 [2005]). To the extent that the Board did not explicitly enumerate and discuss the weight which it assessed to each factor, we note that it was not required to do so (*see Matter of Sanchez v Dennison*, 21 AD3d 1249, 1250 [2005]; *Matter of Lewis v Travis*, 9 AD3d 800, 801 [2004]). Moreover, we find nothing to substantiate petitioner's claim that the Board's decision was based upon an executive policy to deny parole release to all violent felons (*see Matter of Davis v New York State Bd. of Parole*, 17

AD3d 970, 970 [2005]; *Matter of Little v Travis*, 15 AD3d 698, 698 [2005], *appeal dismissed* 4 NY3d 878 [2005]). Nor are we persuaded by petitioner's equal protection claim alleging that the Board treated him differently from other similarly situated inmates (*see Matter of Valderrama v Travis, supra* at 905).

Accordingly, we discern no basis for concluding that the Board's determination was irrational to the point of bordering on impropriety (*see Matter of Silmon v Travis, supra* at 476). The remaining contentions advanced by petitioner have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.