■ In the Matter of REGINALD THOMPSON, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [815 NYS2d 833]—

Appeal from a judgment of the Supreme Court (Connor, J.), entered December 20, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of manslaughter in the first degree in connection with the stabbing death of his estranged wife. He is currently serving a sentence of $8^1/_3$ to 25 years in prison. In October 2004, he made his second appearance before the Board of Parole for parole release. At the conclusion of the hearing, the Board denied him parole and directed him to reappear in October 2006. After the decision was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Upon reviewing the record, we cannot conclude that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). The Board considered the proper statutory factors, including not only the serious nature of petitioner's crime, but also his clean disciplinary record, program accomplishments and postrelease plans (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole*, 20 AD3d 668, 669 [2005]). While the Board placed great emphasis on the brutal nature of petitioner's crime, it was not required to give each factor equal weight (*see Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]; *Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]). Accordingly, we decline to disturb its decision. Petitioner's reliance on *Matter of Marino v Travis* (13 AD3d 453 [2004]) does not compel a contrary result.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.