■ In the Matter of Michael Wilcher, Appellant, v Robert Dennison, as Chair of the Board of Parole, Respondent. [817 NYS2d 449]—

Appeal from a judgment of the Supreme Court (Connor, J.), entered December 8, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving concurrent prison sentences of 18 years to life for murder in the second degree and 1⅓ to 4 years for criminal possession of a weapon in the third degree. In October 2004, petitioner made his second appearance before the Board of Parole and his request for parole release was denied based upon the seriousness of his crimes, which stemmed from the stabbing death of the victim during a dispute over drugs and money. Following an unsuccessful administrative appeal, petitioner commenced ths CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The parole hearing interview and the Board's decision establish that the Board appropriately considered the rele-

vant statutory factors as set forth in Executive Law § 259-i (2) (c) (A), including the nature of the crime, petitioner's minimal criminal history, positive institutional and educational achievements, letters of recommendation, lack of disciplinary record since 1999 and plans upon release. Although the Board placed particular emphasis on the violent nature of the instant offense, which it found to have demonstrated a propensity for extreme violence and disrespect for society and the law, it "was not required to equally weigh or discuss each statutory factor or reward petitioner's achievements while incarcerated" (*Matter of Webb v Travis*, 26 AD3d 614, 615 [2006]; *see Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]; *Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). Furthermore, we are unpersuaded by petitioner's claim that he was denied due process and equal protection because the denial of his request for parole was premised upon an unwritten executive policy to deny parole release to violent felons (*see Matter of Tatta v Dennison*, 26 AD3d 663, 663-664 [2006], *lv denied* 6 NY3d 714 [2006]). Inasmuch as the record fails to support petitioner's contention that the discretionary decision of the Board was irrational to the point of bordering on impropriety (*see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]), further judicial review is unwarranted (*see* Executive Law § 259-i [5]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.