■ In the Matter of ABDULLAH Y. SALAHUDDIN, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, et al., Respondents. [824 NYS2d 485]—

Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 12, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of murder in the second degree and manslaughter in the second degree and was sentenced to concurrent prison terms of 25 years to life and 7¹/₂ to 15 years, respectively. In July 2005, he made his third appearance before respondent Board of Parole for parole release. His request was denied and he was ordered held for an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record discloses that, in denying parole to

petitioner, the Board considered the relevant factors set forth in Executive Law § 259-i including not only the serious nature of the crimes, but also petitioner's criminal background, prison disciplinary history, program accomplishments and postrelease plans (*see Matter of Thompson v New York State Div. of Parole*, 30 AD3d 746 [2006]; *Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]). Petitioner's contention that the Board based its decision solely upon the violent nature of the crimes is without support in the record. In any event, the Board was free to place particular emphasis on this factor and was not required to give all of the statutory factors equal weight (*see Matter of Rivera v Dennison, supra* at 857; *Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]). Furthermore, there is no merit to petitioner's claim that the Board's decision is the product of an informal executive policy of denying parole to violent felons (*see Matter of Scott v New York State Div. of Parole*, 23 AD3d 950, 951 [2005]). His remaining claims are unavailing. Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.