■ In the Matter of JOHN DUFFY, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [824 NYS2d 487]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered July 19, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1982, petitioner was convicted of murder in the second degree and was sentenced to 20 years to life in prison. In August 2005, he made his third appearance before the Board of Parole for parole release. The Board did not release him and ordered him held for an additional 24 months. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record discloses that in denying petitioner's request for parole release, the Board took into consideration the relevant statutory factors set forth in Executive Law § 259-i, including the serious nature of the crime, petitioner's positive

disciplinary record and program accomplishments, his negligible criminal history and his postrelease plans (*see Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]). Although the Board placed significant emphasis upon the heinous nature of the crime, it was not required to give each statutory factor equal weight (*see id.*; *Matter of De Lagarde v New York State Div. of Parole*, 23 AD3d 876 [2005]). While petitioner asserts that the Board relied upon erroneous information contained in a victim impact statement, the Board members specifically advised petitioner at the hearing that such information would not be considered. Moreover, there is nothing to substantiate petitioner's claim that the Board's decision is part of an informal executive policy of denying parole to violent felons (*see Matter of Scott v New York State Div. of Parole*, 23 AD3d 950, 951 [2005]). Petitioner's remaining contentions are equally without merit. Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), it will not be disturbed.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.