■ In the Matter of DANIEL MOJICA, Appellant, v BRION D. TRAVIS, as Chair of the Board of Parole, Respondent. [824 NYS2d 497]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered May 15, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1991, petitioner was convicted of four counts of murder in the second degree and was sentenced to concurrent terms of nine years to life in prison. In January 2005, he made his fourth appearance before the Board of Parole for parole release. At the conclusion of the hearing, his request for parole release was denied and he was ordered held for an additional 24 months. This determination was subsequently affirmed on administra-

tive appeal. Petitioner then commenced the instant CPLR article 78 proceeding challenging the determination. Following Supreme Court's dismissal of the petition, this appeal ensued.

We affirm. Based upon our review of the record, we do not find that the Board's decision evinces " 'irrationality bordering on impropriety' " such as to warrant its annulment (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). In denying petitioner's request for parole release, the Board considered the appropriate factors set forth in Executive Law § 259-i, including not only the serious nature of petitioner's crimes, but also his criminal history, prison disciplinary record, program accomplishments and postrelease plans (*see Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]; *Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole*, 20 AD3d 668, 669 [2005]). Petitioner's claim that the Board based its decision solely on the violent nature of his crimes is not substantiated by the record. In any event, we note that the Board was not required to give each statutory factor equal weight (*see Matter of Rivera v Dennison, supra* at 857 [2006]). Furthermore, we find no merit to petitioner's contention that the Board's decision is the product of an informal executive policy to deny parole to violent felons (*see Matter of Tatta v Dennison*, 26 AD3d 663, 663-664 [2006], *lv denied* 6 NY3d 714 [2006]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.