In the Matter of ANDRE PULLIAM, Appellant, v ROBERT DENNISON, as Chair of the Board of Parole, Respondent. [832 NYS2d 304]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered June 9, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of $8^1/_3$ to 25 years for his 1994 conviction of manslaughter in the first degree. Petitioner made his third appearance before the Board of Parole in July 2005 and his request for parole release was denied. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding, seeking to overturn the Board's determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Parole determinations are not subject to further judicial review if they are made in accordance with the statutory requirements of Executive Law § 259-i (see Matter of Salahuddin v Travis, 17 AD3d 760 [2005], lv denied 5 NY3d 707 [2005]; Matter of Wright v Travis, 284 AD2d 544 [2001]). Here, the record demonstrates that the Board considered the relevant statutory factors in denying petitioner's request for parole release (see Executive Law § 259-i [2] [c] [A]), including his good conduct, participation in prison programs, his institutional achievements and his plans upon release. The Board is not required to discuss or to give the same weight to each factor (see Matter of Rivera v Dennison, 25 AD3d 856, 857 [2006]; Matter of Trobiano v State of N.Y. Div. of Parole, 285 AD2d 812, 813 [2001], lv denied 97 NY2d 607 [2001]) or to grant parole as a reward for positive rehabilitative efforts (see Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole, 20 AD3d 668, 669 [2005]). The Board's emphasis on the violent nature of petitioner's crime does not establish that the determination was affected by " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980];

*see Matter of Rodney v Dennison*, 24 AD3d 1152, 1153 [2005]). Accordingly, we find no basis to disturb the determination.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.