██ In the Matter of GEORGE CRUZ, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [833 NYS2d 311]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 27, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted upon his plea of guilty of first degree manslaughter and criminal possession of a weapon in the third degree, and sentenced to consecutive prison terms of 8 to 24 years and 2 to 6 years, respectively. His conviction arose out of an incident on August 17, 1991 when an altercation ensued between two groups of men. Petitioner, who had been drinking and smoking marihuana, retrieved his gun from the trunk of a car and fired a shot; he was not aware that he hit anyone. When he found out the next day that an individual had been shot, he turned himself in. He was 17 years old with no prior criminal record. This proceeding is the result of the denial of parole after petitioner's third parole hearing.

Information available to the Board of Parole revealed that petitioner has always admitted his guilt and expressed his remorse for his conduct. Aside from the underlying offense which caused his incarceration, he was involved in only one disciplinary proceeding in over 15 years of imprisonment. He has participated in numerous available programs to avoid future misconduct, which include alcohol and substance abuse treatment, the alternatives to violence project, and the earning of 45 college credits. Information concerning available employment opportunities was also provided in addition to a letter from a New York City police officer and several relatives who offered to assist petitioner in his transition from prison life to general society. Finally, petitioner detailed the support that he receives from his wife who visits him weekly and he continued to express his sorrow for the taking of another person's life, and the suffering that he caused.

While the Board noted his positive institutional achievements and his exemplary conduct in prison, it concluded that "your actions that led to the death of a male victim leads this panel to determine that if released at this time, there is a reasonable probability that your [sic] would not live and remain at liberty without violating the law." Accordingly, parole was denied and petitioner was ordered to be held for an additional 24 months. After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We find petitioner's academic and institutional achievements exemplary. It would seem that he is a prime candidate for parole release. Yet, given the standard of review available to us, we cannot find that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Clearly, the Board considered the appropriate statutory factors set forth in Executive Law § 259-i, spanning from the seriousness of petitioner's crime to his lack of criminal history, nearly spotless prison disciplinary record, positive program accomplishments and postrelease plans (*see Matter of Mojica v Travis*, 34 AD3d 1155, 1156 [2006]; *Matter of Marsh v New York State Div. of Parole*, 31 AD3d 898 [2006]). Yet, with the Board not required to give equal weight to those factors, and instead placing more emphasis on the serious nature of petitioner's crime, we are constrained to affirm (*see Matter of Bonilla v New York State Bd. of Parole*, 32 AD3d 1070, 1071 [2006]; *Matter of Thompson v New York State Div. of Parole*, 30 AD3d 746 [2006], *lv denied* 7 NY3d 716 [2006]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.