In the Matter of NICHOLAS ONDRIZEK, Petitioner, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [835 NYS2d 481]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1985, petitioner was convicted of two counts of murder in the second degree, two counts of robbery in the first degree and

conspiracy in the second degree in connection with the beating death of the father of an acquaintance. He was sentenced to an aggregate term of 15 years to life in prison. In July 2005, he made his fourth appearance before the Board of Parole for parole release. At the conclusion of the hearing, his request for parole release was denied and he was ordered held for an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Initially, we note that inasmuch as the petition does not raise a question of substantial evidence, the proceeding was improperly transferred to this Court (*see Matter of Rivera v State of N.Y. Exec. Dept. Bd. of Parole*, 268 AD2d 928, 928 [2000]). Nevertheless, considering the merits in the interest of judicial economy, we find that the Board properly considered the statutory factors set forth in Executive Law § 259-i, including not only the serious nature of the crimes, but also petitioner's positive program accomplishments, his relatively clean disciplinary record and his postrelease plans (*see Matter of Duffy v Dennison*, 34 AD3d 1083, 1083-1084 [2006]; *Matter of Wellman v Dennison*, 23 AD3d 974, 975 [2005]). While the Board placed particular emphasis on the heinous nature of the crimes, it was not required to give equal weight to all of the statutory factors (*see Matter of Salahuddin v Dennison*, 34 AD3d 1082, 1083 [2006]). Petitioner's remaining claims, including his assertion that the Board considered erroneous information relating to his criminal record, are without merit. Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.