■ In the Matter of JOSEPH SCHETTINO, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [845 NYS2d 569]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered December 27, 2006 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's application for parole release.

In 1985, petitioner was convicted of murder in the second degree and was sentenced to 15 years to life in prison. In February 2006, he made his fourth appearance before the Board of Parole for parole release. The Board concluded that release was inappropriate because it would "deprecate the severity of the instant offense and serve to undermine respect for the law" and ordered petitioner held for an additional 24 months. Petitioner filed an administrative appeal but, when he did not receive a timely response, he commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Petitioner asserts that the Board did not take into account the proper factors in denying him parole release. The record, however, discloses that in denying petitioner's request for parole release, the Board considered the factors set forth in Executive Law § 259-i, including the serious nature of the crime, petitioner's negligible criminal history, his program accomplishments, his favorable prison disciplinary record and his postrelease plans (*see Matter of Salahuddin v Dennison*, 34 AD3d 1082, 1083 [2006]; *Matter of Duffy v Dennison*, 34 AD3d 1083 [2006]). The Board was not required to give equal weight to each of the foregoing factors and could place greater emphasis on the serious nature of the crime, which involved the violent stabbing death of a male acquaintance (*see Matter of McCorkle v New York State Div. of Parole*, 19 AD3d 791, 791-792 [2005]).

Petitioner also claims that the Board did not review the sentencing minutes of the trial court and, therefore, erroneously failed to consider its sentencing recommendations (*see* Ex-

ecutive Law § 259-i [1] [a] [i]; [2] [c] [A]; *Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169 [2006]). While the Board has not conceded that it failed to review the sentencing minutes, the record does not indicate that it, in fact, did so (*cf. Matter of Carter v Dennison*, 42 AD3d 779 [2007]).

Clearly, the Board is required to consider any recommendations made by the sentencing judge in making parole release determinations (*see id.*). Here, however, the sentencing minutes—attached as an exhibit to the Board's answer—contain no sentencing or parole recommendations. The only substantive comment made by the sentencing judge was that the imposed minimum sentence was not longer due to petitioner's minimal criminal record. Given that the Board expressly considered petitioner's prior record in rendering its determination, we find any error by the Board in failing to review the sentencing minutes to be harmless. Petitioner's remaining contentions have been considered and found to be without merit. In sum, the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]) and we, therefore, decline to disturb it.

Cardona, P.J., Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.