■ In the Matter of STEVEN GAROFOLO, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [860 NYS2d 336]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered October 22, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In October 1975, while charges of rape in the first degree, sodomy in the first degree and burglary in the second degree stemming from an unrelated incident were pending against him, petitioner bludgeoned his girlfriend with a nightstick, causing her death. Petitioner was ultimately convicted in May 1977 of the three charges arising from the earlier incident and convicted of two counts of murder in the second degree in September 1979 based upon the death of his girlfriend. Petitioner was sentenced to concurrent prison terms of 25 years to life for the murder convictions. In August 2006, he appeared for the fourth time before the Board of Parole for parole release. His request was denied and he was ordered held for an additional 24 months. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

We affirm. The record demonstrates that the Board considered the appropriate statutory factors (*see* Executive Law § 259-i [2] [c]), including the violent nature of his criminal conduct, his positive institutional record, his educational achievements, and his planned residence and employment upon release (*see Matter of Cruz v New York State Div. of Parole*, 39 AD3d 1060, 1061-1062 [2007]; *Matter of Mojica v Travis*, 34 AD3d 1155, 1156 [2006]; *Matter of Wilcher v Dennison*, 30 AD3d 958, 959 [2006]). Furthermore, inasmuch as the Board appeared to have placed

greater weight on the violence and brutality of defendant's conduct than on the other statutory factors, we note that it was not required to weigh each factor equally, nor was it required to explicitly articulate the weight it accorded to each factor (*see Matter of Gardiner v New York State Div. of Parole*, 48 AD3d 871, 872 [2008]; *Matter of Serrano v Dennison*, 46 AD3d 1002, 1003 [2007]; *Matter of Wilcher v Dennison*, 30 AD3d at 959; *Matter of Tatta v Dennison*, 26 AD3d 663, 663 [2006], *lv denied* 6 NY3d 714 [2006]; *Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]; *Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 813 [2001], *lv denied* 97 NY2d 607 [2001]).

Additionally, we are not persuaded by petitioner's contention that the Board's decision was the product of an executive policy to deny parole release to all violent felons (*see Matter of Motti v Dennison*, 38 AD3d 1030, 1031 [2007]; *Matter of Mojica v Travis*, 34 AD3d at 1156; *Matter of Wilcher v Dennison*, 30 AD3d at 959; *Matter of Tatta v Dennison*, 26 AD3d at 663; *Matter of Lue-Shing v Pataki*, 301 AD2d at 828). Nor do we find merit in petitioner's assertion that Supreme Court applied an incorrect standard of review in reaching its conclusion (*see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Tatta v Dennison*, 26 AD3d at 663). Accordingly, inasmuch as the Board's decision does not demonstrate " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d at 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), and despite petitioner's excellent institutional record and numerous achievements (*see Matter of Cruz v New York State Div. of Parole*, 39 AD3d at 1061-1062; *Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d at 813), affirmance is mandated.

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.