In the Matter of REGINALD BROWER, Appellant, v GEORGE ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [867 NYS2d 801]—

In 1996, petitioner was convicted of criminal possession of a controlled substance in the second degree and assault in the second degree. He was sentenced as a second violent felony offender to consecutive prison terms of $8^{1}/_{3}$ to life on the criminal possession charge and $3^{1}/_{2}$ to 7 years on the assault charge. In April 2007, he made his first appearance before the Board of Parole. The Board denied his request for parole release and ordered him held for an additional 24 months. When he did not receive a decision on his administrative appeal, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. "Parole determinations are not subject to further judicial review if they are made in accordance with the statutory requirements of Executive Law § 259-i" (*Matter of Pulliam v Dennison,* 38 AD3d 963, 963 [2007] [citations omitted]). The record in the case at hand reveals that the Board considered the appropriate statutory factors, including the seriousness of petitioner's crimes, his criminal history, prison disciplinary record, program accomplishments and postrelease plans (*see Matter of Mojica v Travis,* 34 AD3d 1155, 1156 [2006]). The Board was not required to specifically articulate each factor considered in making its decision nor to accord each factor equal weight

*(see Matter of Vasquez v Dennison*, 28 AD3d 908, 909 [2006]; *Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). Contrary to petitioner's claim, the Board did not base its decision upon erroneous information. Notably, the Board was permitted to consider all the circumstances surrounding petitioner's crimes, including conduct for which he was not convicted, as this was not the sole basis for its decision *(see Matter of Nunez v Dennison*, 51 AD3d 1240, 1241 [2008]). In sum, inasmuch as the Board's decision does not exhibit " 'irrationality bordering upon impropriety' " *(Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Cardona, P.J., Carpinello, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.