■ In the Matter of VICTOR VALERIO, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [872 NYS2d 606]—

---

Appeal from a judgment of the Supreme Court (Cahill, J.), entered May 22, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

While under probation supervision stemming from his prior conviction for criminal possession of a weapon in the third degree, petitioner stole a motor vehicle at gunpoint and then robbed one toll booth and attempted to rob another. As a result, petitioner pleaded guilty to robbery in the first degree (two counts), attempted robbery in the first degree and criminal possession of a weapon in the third degree. Petitioner was sentenced to an aggregate term of imprisonment of 11 to 24 years. In April 2007, petitioner made his second appearance before the Board of Parole seeking release to parole supervision. The Board denied his request and ordered that he be held an additional 24 months. When petitioner did not receive a response to his ensuing administrative appeal, he commenced this CPLR article 78 proceeding challenging the denial of his request for parole release. Following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. In denying petitioner parole release, the Board considered the pertinent statutory factors set forth in Executive Law § 259-i, including the nature of petitioner's crimes and his prior criminal history, along with his prison disciplinary record, program achievements and postrelease plans (see Matter of Mac-Kenzie v Dennison, 55 AD3d 1092, 1092 [2008]). Regarding petitioner's claim that the Board improperly failed to consider his sentencing minutes in rendering its decision, any failure in this regard was harmless inasmuch as the sentencing court made no parole recommendations (see Matter of Motti v Alexander, 54 AD3d 1114, 1115 [2008]). Accordingly, given that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Petitioner's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be unavailing.

Rose, J.P., Kane, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.