In the Matter of RAYMOND MENTOR, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [886 NYS2d 920]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered March 24, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving concurrent prison terms of 15 years to life and 2 to 6 years, having been convicted of murder in the second degree and robbery in the second degree, respectively. In May 2008, petitioner made his third appearance before the Board of Parole seeking parole release. The Board denied his request and ordered petitioner held for an additional 24 months. Petitioner filed an administrative appeal and, when

he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

We affirm. "Parole determinations are not subject to further judicial review if they are made in accordance with the statutory requirements of Executive Law § 259-i" (*Matter of Pulliam v Dennison*, 38 AD3d 963, 963 [2007] [citations omitted]; *accord Matter of Brower v Alexander*, 57 AD3d 1060, 1060 [2008], *lv denied* 12 NY3d 707 [2009]). Here, our review of the record confirms that the Board considered the relevant statutory factors in denying petitioner's request for parole, including the seriousness of his crimes, his prison disciplinary record, his educational and program achievements and his postrelease plans (*see Matter of Motti v Alexander*, 54 AD3d 1114, 1115 [2008]; *Matter of Garofolo v Dennison*, 53 AD3d 734, 734 [2008]). Contrary to petitioner's contention, there is no indication from the Board's decision that the Board considered any uncharged crimes in making its determination (*see Matter of Tatta v State of N.Y., Div. of Parole*, 290 AD2d 907, 908 [2002], *lv denied* 98 NY2d 604 [2002]). Petitioner's remaining contentions, including that he was prejudiced by the failure of the Appeals Unit to decide his administrative appeal within four months (*see* 9 NYCRR 8006.4 [c]) and that there were gaps in the hearing transcript that prevented meaningful review (*see Matter of McKinley v Goord*, 40 AD3d 1280, 1280 [2007], *lv denied* 9 NY3d 807 [2007]), have been examined and found to be without merit.

Rose, J.P., Lahtinen, Kane, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.