■ In the Matter of LARRY J. COMFORT, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [890 NYS2d 700]—

Rose, J.P.

Petitioner is currently serving an aggregate prison term of 21½ years to life arising out of his 1982 convictions for various drug offenses and attempted escape in the first degree. Following petitioner's December 2007 appearance before the Board of Parole, his request for parole was denied and the Board ordered

him held for an additional 24 months. When petitioner did not receive a response to his administrative appeal, he commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. The record demonstrates that the Board appropriately considered the statutory factors, including the seriousness of petitioner's crimes, his prior criminal history, positive program achievements while incarcerated and post-release plans (*see* Executive Law § 259-i [2] [c]; *Matter of Valerio v New York State Div. of Parole,* 59 AD3d 802, 803 [2009]; *Matter of Brower v Alexander,* 57 AD3d 1060, 1060 [2008], *lv denied* 12 NY3d 707 [2009]). The Board was not required to specifically articulate all of those factors in its decision, nor was it obliged to accord equal weight to each factor (*see Matter of Brower v Alexander,* 57 AD3d at 1060; *Matter of Blasich v New York State Bd. of Parole,* 48 AD3d 1029, 1029-1030 [2008]). Moreover, the Board did discuss several statutory factors in its decision and adequately explained its reasoning (*see Matter of Mendez v New York State Bd. of Parole,* 20 AD3d 742, 743 [2005]; *cf. Matter of Vaello v Parole Bd. Div. of State of N.Y.,* 48 AD3d 1018, 1019-1020 [2008]). While the dissent minimizes the seriousness of petitioner's offenses, describing them as "neither violent nor accompanied by a history of . . . violent crimes," the record before the Board shows that petitioner had been a drug dealer for 10 years and that his activities escalated to high-level cocaine trafficking that did, in fact, directly lead to the violent death of one police officer and the grievous wounding of another at the hands of his codefendant brother. Contrary to the dissent's view, the Board could reach its conclusion after weighing petitioner's accomplishments in prison against the level of violence associated with such drug trafficking and the crimes of which he was convicted without improperly considering matters outside the record.

In any event, our role is not to assess whether the Board gave the proper weight to the relevant factors, but only whether the Board followed the statutory guidelines and rendered a determination that is supported, and not contradicted, by the facts in the record. Nor could we effectively review the Board's weighing process, given that it is not required to state each factor that it considers, weigh each factor equally or grant parole as a reward for exemplary institutional behavior (*see Matter of Marziale v Alexander,* 62 AD3d 1227, 1227 [2009]; *Matter of Barnes v New York State Div. of Parole,* 53 AD3d 1012, 1012 [2008]; *Matter of Valderrama v Travis,* 19 AD3d 904, 905

[2005]). Accordingly, as the Board's determination here is supported by the record and does not display " 'irrationality bordering on impropriety,' " we decline to disturb it (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Petitioner's remaining contention, that the Board's decision amounted to resentencing, is without merit (*see Matter of Marsh v New York State Div. of Parole*, 31 AD3d 898, 898 [2006]).

Kane and McCarthy, JJ., concur.

Garry, J. (dissenting). We respectfully dissent. Petitioner, now age 59, is currently serving the 28th year of an aggregate sentence of 21½ years to life arising out of his convictions for one count of criminal sale of a controlled substance in the first degree, one count of criminal possession of a controlled substance in the first degree, and one count of attempted escape in the first degree.[1] Prior to these convictions in 1982, petitioner's criminal history consisted of convictions for resisting arrest, attempted criminal sale of a controlled substance in the fourth degree (fireworks), and attempted aggravated harassment. Petitioner has been denied parole release six times, each time based on the seriousness of his offenses.

As noted by the majority, the Board of Parole is afforded significantly broad discretion. The Board is not required to give equal weight to the statutory factors, nor articulate each factor in its decision (*see e.g. Matter of Friedgood v New York State Bd. of Parole*, 22 AD3d 950, 950 [2005]), and it is permissible for the Board to emphasize the seriousness of a petitioner's offense (*see Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 813 [2001], *lv denied* 97 NY2d 607 [2001]). Nonetheless, the Board is required to consider the factors set out in Executive Law § 259-i (2) (c) (A), specifically including the seriousness of a petitioner's crimes, his or her previous criminal history, disciplinary record in prison, positive program achievements while incarcerated, and plans after release (*see Matter of Valerio v New York State Div. of Parole*, 59 AD3d 802, 803 [2009]; *Matter of Brower v Alexander*, 57 AD3d 1060, 1060 [2008], *lv denied* 12 NY3d 707 [2009]). When denying parole, the Board is statutorily required to give its reasons "in detail and not in

---

1. Petitioner escaped from jail while awaiting trial but turned himself in almost immediately. He was sentenced to a prison term of 1½ to 3 years on the attempted escape conviction, to run consecutively to his concurrent prison terms of 15 years to life on the drug possession conviction and 20 years to life on the drug sale conviction. Applications for resentencing were denied in 2001 and 2005, and the 2005 denial was affirmed on appeal (*People v Comfort*, 56 AD3d 1217 [2008]).

conclusory terms" (Executive Law § 259-i [2] [a] [i]). We disagree with the majority's view that this requirement was met here, so as to permit this Court to adequately fulfill its responsibility of reviewing the determination.

The Board noted that the 1980 incident involved a large amount of cocaine. However, unlike many other cases in which the Board has relied primarily on the seriousness of an offender's crimes in denying parole, petitioner's crimes were neither violent nor accompanied by a history of other serious or violent crimes (cf. *Matter of MacKenzie v Dennison*, 55 AD3d 1092, 1092 [2008] [crimes related to the fatal shooting of a police officer]; *Matter of Motti v Alexander*, 54 AD3d 1114, 1115 [2008] [two counts of murder in the second degree]; *Matter of Montalvo v New York State Bd. of Parole*, 50 AD3d 1438, 1438-1439 [2008] [manslaughter in the first degree and reckless endangerment in the first degree]; *Matter of Gardiner v New York State Div. of Parole*, 48 AD3d 871, 872 [2008] [robbery, attempted robbery, and manslaughter in the first degree]; *Matter of Schettino v New York State Div. of Parole*, 45 AD3d 1086, 1086 [2007] [murder in the second degree]). The record further reveals that, while incarcerated, petitioner has maintained a perfect disciplinary record for at least 15 years, has completed all of the recommended programs required by the Department of Correctional Services, overcome drug and alcohol addictions, participated in Alcoholics Anonymous for over 20 years and acted as its chair, worked in a youth assistance program to help others avoid substance abuse issues, been active in ministerial services, and participated in numerous vocational and educational programs. Petitioner's postrelease plans include participation in a veterans' transitional employment program and volunteering in programs for substance abusers. There was no inquiry during petitioner's interview regarding his remorse,[2] but when he was given an opportunity to speak, he stated, in part, "I would like you to know that I'm sorry for everybody that I've hurt. I know that my drug dealing has caused a lot of pain and a lot of suffering." He explained that, although his drug involvement began while he was serving in the Vietnam War, he did not blame the war for his actions and understood the seriousness of his offenses.

While parole release is not to "be granted merely as a reward for good conduct or efficient performance of duties while confined" (Executive Law § 259-i [2] [c] [A]; *see Matter of Guerin*

---

2. "[T]here is a strong rehabilitative component in the statute that may be given effect by considering remorse and insight" (*Matter of Silmon v Travis*, 95 NY2d 470, 477 [2000]).

*v New York State Div. of Parole*, 276 AD2d 899, 900 [2000]), the Board has now denied parole release to petitioner six times based on the "unchangeable factor" of the nature of his crimes (*Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d at 813). Notably, the Board has twice been directed to conduct a de novo hearing, as it was established that the Board had improperly considered and relied upon convictions that had been subsequently reversed upon appeal by the Appellate Division, Fourth Department (*People v Comfort*, 113 AD2d 420, 425 [1985], *lv denied* 67 NY2d 760 [1986]). Though the Board gave fleeting acknowledgment to statutory factors other than the seriousness of petitioner's offense, a strong inference arises upon this record that the Board may have again been improperly influenced by "factors outside the scope of the applicable statute" (*Matter of King v New York State Div. of Parole*, 83 NY2d 788, 791 [1994]). While the determination under review includes no explicit reference to the reversed convictions, in light of the lack of detail provided, the history of petitioner's prior appearances, the extensive evidence of his rehabilitation and remorse, the cursory nature of the Board's acknowledgment of these factors, and the absence of record support for its conclusion that petitioner is likely to reoffend cumulatively render the decision "so irrational under the circumstances as to border on impropriety" (*Matter of Friedgood v New York State Bd. of Parole*, 22 AD3d at 951; *see Matter of Silmon v Travis*, 95 NY2d at 476; *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

For these reasons, we would reverse and remit the matter to the Board for a new hearing.

Stein, J., concurs.

Ordered that the judgment is affirmed, without costs.