■ In the Matter of DANIEL CARTER, Appellant, v ANDREA EVANS, as Chair of the Division of Parole, Respondent. [916 NYS2d 291]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered August 30, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1989 of the crime of murder in the second degree and sentenced to 15 years to life in prison. In August 2009, he made his fifth appearance before the Board of Parole and the Board denied his request for parole release and ordered that he be held for an additional 24 months. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Board's determination and Supreme Court dismissed the petition, prompting this appeal.

We affirm. Contrary to petitioner's contention, the record demonstrates that the Board properly considered not only the serious nature of his crime, but other statutory factors such as his prior criminal history, program achievements, disciplinary record and postrelease plans (*see Matter of Watson v New York State Bd. of Parole*, 78 AD3d 1367, 1368 [2010]; *Matter of Comfort v New York State Div. of Parole*, 68 AD3d 1295, 1296 [2009]). While petitioner maintains that the Board failed to consider his sentencing minutes, we note that the minutes were present in the record and the Board is not required to articulate every factor considered in arriving at its decision (*see Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1609 [2010], *lv dismissed* 15 NY3d 867 [2010]; *Matter of Comfort v New York State Div. of Parole*, 68 AD3d at 1296). Also meritless is petitioner's contention that the Board's decision amounted to resentencing (*see Matter of Comfort v New York State Div. of Parole*, 68 AD3d at 1297).

Turning to petitioner's argument that the Board relied upon erroneous information in denying his request for parole release, we note that the Board was entitled to rely on the information contained in the presentence investigation report, and petitioner is foreclosed from challenging the accuracy of that report here, inasmuch as he failed to raise such a challenge before the sentencing court (*see Matter of Sutherland v Alexander*, 64 AD3d

1028, 1028-1029 [2009], *lv denied* 13 NY3d 709 [2009]; *Matter of Champion v Dennison*, 40 AD3d 1181, 1182 [2007], *lv dismissed* 9 NY3d 913 [2007]). The presentence investigation report contained an eyewitness account stating that petitioner pointed a small black revolver at the back of the victim's head an instant before the fatal gunshots were fired. The autopsy report states that the victim died of two gunshot wounds to the head, one in the side of the head above the right ear and the other in the lip. As such, we find that the Board's factual misstatement—that the victim was shot in the back, rather than the side, of the head—did not present such a departure from the events as depicted in the record as to exhibit "irrationality bordering on impropriety," and we will, therefore, not disturb its determination (*Matter of Perez v Evans*, 76 AD3d 1130, 1131 [2010], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Cardona, P.J., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.