*1587 Appeal from a judgment of the Supreme Court (Lawliss, J.), entered October 5, 2011 in Clinton County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
In 1982, petitioner received an aggregate prison sentence of 30 years to life after he was convicted of a number of crimes, including two counts of murder in the second degree, in connection with a robbery at a bar that resulted in the fatal shooting of an off-duty police officer. In 2008, one of the two counts of murder in the second degree was removed from his institutional record and later dismissed as the result of a successful federal habeas corpus petition that challenged his state conviction on various grounds. In September 2010, petitioner made his first appearance before the Board of Parole which denied his request and ordered him held for an additional 24 months. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board’s decision, and he now appeals from Supreme Court’s dismissal of his petition.
We reject petitioner’s contention that the Board relied on erroneous information relating to his dismissed conviction for second degree murder in denying his request for parole release. From our review of the record, it is clear that, in denying petitioner’s request for parole, the Board considered petitioner’s admission during his parole interview that he shot and killed the off-duty officer together with the appropriate statutory factors, including not only the serious nature of his crimes, but also his criminal history, poor prison disciplinary record, positive program accomplishments and postrelease plans (see Matter of Ruiz v New York State Div. of Parole, 70 AD3d 1162, 1163 [2010]; Matter of Brower v Alexander, 57 AD3d 1060, 1060 [2008], lv denied 12 NY3d 707 [2009]). The Board’s decision does not exhibit “ ‘irrationality bordering on impropriety’ ” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), and we find no reason to disturb it.
Lahtinen, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.