In the Matter of COUNTY OF WESTCHESTER et al., Appellants, v RENT

GUIDELINES BOARD OF WESTCHESTER COUNTY et al., Respondents.—In an action, *inter alia,* to declare that the Westchester County Rent Guidelines Board violated certain provisions of the State Administrative Procedure Act and the Open Meetings Law (Public Officers Law, §§ 95-106) in adopting rent guidelines for 1977-1978, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated July 26, 1978, which, *inter alia,* denied their motion for summary judgment. (This matter, originally commenced as a CPLR article 78 proceeding, was converted into a declaratory judgment action by a prior order of the same court.) Order modified, on the law, by adding thereto, immediately after the provision denying defendant's cross motion for summary judgment, the following: "except that the cross motion is granted as to the first cause of action declaring that the Westchester County Rent Guidelines Board is not required to comply with the State Administrative Procedure Act". As so modified, order affirmed, without costs or disbursements. Plaintiffs seek a judgment invalidating the 1977-1978 rent guidelines adopted by the Westchester County Rent Guidelines Board on June 8, 1977 on the ground that the board violated certain provisions of the State Administrative Procedure Act and the Open Meetings Law (Public Officers Law, §§ 95-106). Special Term found that the County Rent Guidelines Board is a local entity excluded from the coverage of the State Administrative Procedure Act. We agree and find that defendants were, therefore, entitled to summary judgment on the first cause of action (see *Incorporated Vil. of Great Neck Plaza v Nassau County Rent Guidelines Bd.,* 69 AD2d 528). Special Term also properly held that summary relief was not warranted on the issue of whether the board violated the Open Meetings Law and, more particularly, section 99 of the Public Officers Law, by allegedly failing to give reasonable notice of its June 8 meeting. That issue cannot be resolved upon conflicting affidavits, plaintiffs claiming that the board deliberately misled the public by scheduling a "working session" on less than one day's notice, at which session the guidelines were, in fact, formally adopted, and defendants contending that the June 8 meeting was merely a continuation of the regularly scheduled meeting of June 7 and, hence, that one day's notice was reasonable under the circumstances. Damiani, J. P., Titone, Margett and Mangano, JJ., concur.