■ In the Matter of 1777 PENFIELD ROAD CORP., Petitioner, v VICTOR MORRISON-VEGA, as Director of Property Conservation and Inspection Services of the City of Rochester, et al., Respondents.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this CPLR

article 78 proceeding petitioner seeks to annul a determination by respondent Victor Morrison-Vega, Director of Property Conservation and Inspection Services for the City of Rochester, requiring it to erect a pedestrian walkway in front of a building owned by it in the City of Rochester.

The facts may be briefly stated. On July 17, 1985, a 200-pound piece of cast iron, constituting part of the facade of a building commonly known as the Powers Building in downtown Rochester, detached itself from the building and plummeted to the sidewalk below. Following inspection by city officials and remedial work by a contractor hired by the owner, and an exchange of communications between the owner and city officials, all aimed at the alleviation of a potentially dangerous condition of the building, the city, on August 23, 1985, issued a notice and order to the owner declaring the poor condition of the iron facade of the Powers Building to be a nuisance and demanding that the cast-iron facade be repaired or a pedestrian walkway be constructed at street level. Because of the emergency nature of the alleged violation, the owner was given four days to correct the condition, and the notice further provided that if the violation was not duly corrected the city would "take necessary steps to remove the nuisance", and the owner would be billed for the cost.

Pursuant to Code of the City of Rochester § 52-5 (A) (2), an administrative hearing was conducted at which testimony was presented and the various communications of engineering consultants were placed before the hearing officer. The hearing officer concluded that "the issue of public safety remains and has not been adequately addressed by the owners of the Powers Building. Pedestrian walkways must be erected." The instant proceeding ensued.

Petitioner's arguments are principally addressed to the sufficiency of the evidence, but it further contends that the hearing officer incorrectly placed the burden of proof on petitioner in violation of State Administrative Procedure Act § 306 (1).

An examination of the record discloses that the hearing officer had before him conflicting views of the quality of the building's safety at the time of the hearing and projected into succeeding months, notably the winter months. It hardly needs repetition that judicial review of the determination made by an administrative agency is limited to a consideration of whether it is supported by substantial evidence upon

the whole record. If substantial evidence exists to support the agency's determination, it must be sustained, "irrespective of whether a similar quantum of evidence is available to support other varying conclusions" *(Matter of Collins v Codd,* 38 NY2d 269, 270). Reviewing the record here as a whole compels the conclusion that the hearing officer's determination is supported by substantial evidence.

Petitioner's contention that it was required by the hearing officer to carry the burden of proof at the hearing in violation of State Administrative Procedure Act § 306 (1) is without merit. We first observe that a reading of the record indicates that the city, indeed, bore the burden of proving the prevailing lack of safety of the Powers Building facade and petitioner was merely required to respond. That notwithstanding, the State Administrative Procedure Act applies only to agencies of the State government (State Administrative Procedure Act § 102 [1]), and local entities are excluded from coverage of the act *(see, Matter of County of Westchester v Rent Guidelines Bd.,* 71 AD2d 655, 656, *appeal dismissed* 48 NY2d 692). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Davis, J.) Present—Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.