■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PLATTEN, Appellant.—Judgment unanimously affirmed. Memorandum: On November 2, 1988, Jeri Bartholomew was fatally shot in the head while in the bedroom of her home on Holland Avenue in the City of Batavia. Shortly after the shooting, defendant was arrested at the scene and was given *Miranda* warnings, which he acknowledged that he understood. Defendant was then transported to police headquarters where his *Miranda* rights were again read to him. Defendant stated that he understood his rights and agreed to speak with the police. Thereafter, an oral interview was conducted in which defendant admitted that he shot Ms. Bartholomew. Before reducing defendant's statement to writing, the interviewing officer again read the *Miranda* rights to defendant. Defendant repeated that he understood his rights and that he wished to talk. At no time did defendant request to speak with an attorney or anyone else.

Either just prior to, or shortly after, the completion of defendant's three-page typewritten statement, the Public Defender arrived at police headquarters and requested to see "the suspect". The Public Defender, who never mentioned defendant's name, had no prior relationship with defendant, and the record is devoid of any showing that defendant, or anyone on his behalf, requested the Public Defender to provide assistance to defendant. The Public Defender was not permitted to see defendant and defendant was never informed of her presence.

On appeal, defendant, relying primarily on our decision in *People v Brown* (66 AD2d 158), contends that his written statement should have been suppressed "in light of the conduct of the public officials in refusing [the Public Defender] access to [defendant], and failing to inform him of [her] presence." We disagree. Unlike the circumstances in *People v Brown (supra,* at 163), there is no evidence here that defendant was "young and vulnerable" or that any prior relationship existed between defendant and the attorney who sought to speak with him *(cf., People v Brown, supra,* at 161, 163). Moreover, as the suppression court correctly concluded, nei-

ther the District Attorney nor any police officer was guilty of any "pattern of isolation and trickery designed to keep the defendant from obtaining counsel" *(People v Fuschino,* 59 NY2d 91, 100; *see, People v Casassa,* 49 NY2d 668, 681-682, *cert denied* 449 US 842; *People v Garofolo,* 46 NY2d 592; *People v Bevilacqua,* 45 NY2d 508, 514; *People v Pinzon,* 44 NY2d 458, 464; *People v Kern,* 149 AD2d 187, 217-218, *affd* 75 NY2d 638, *cert denied* — US —, 111 S Ct 77; *People v Lewis,* 160 AD2d 815, 817, *lv dismissed* 76 NY2d 738; *People v Brown, supra; see also, People v Crimmins,* 64 NY2d 1072).

The record amply demonstrates that defendant knowingly, intelligently and voluntarily waived his right to counsel, and thus his suppression motion was properly denied.

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Genesee County Court, Morton, J.—Murder, 2nd Degree.) Present— Dillon, P. J., Doerr, Lawton, Lowery and Davis, JJ.