■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY ANDERSON, Appellant. [649 NYS2d 545] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree following a jury trial. He contends that Supreme Court erred in denying his motion for a mistrial on the ground that the prosecutor elicited the testimony of a police officer that defendant had been the subject of a previous murder investigation. The court found the testimony to have been inadvertent, ordered it stricken, gave a curative instruction, and obtained from the jurors their assurance that the stricken remark would not influence their deliberations. Thus, the court properly exercised its discretion in denying the motion for a mistrial (see, People v Holton, 225 AD2d 1021).

Defendant further contends that the statement by the victim to her husband that she was afraid of defendant was inadmissible hearsay. That contention is unpreserved for our review; defendant contended at trial that the statement was irrelevant (see, People v Malizia, 62 NY2d 755, 758, cert denied 469 US 932; People v Pou, 185 AD2d 642, lv denied 81 NY2d 891). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). The court did not err in limiting defense counsel's attempt to inquire about the nature and scope of the police investigation, in the absence of a "clear link" between the alleged other suspects and the crime in question (People v Restivo, 210 AD2d 964, 965, lv denied 85 NY2d 942).

Although the Public Defender contacted the Greece Police Department before defendant's statement had been reduced to a writing, the court did not err in refusing to suppress the statement as obtained in violation of defendant's right to counsel. The record is devoid of any indication that the Public Defender had a prior relationship with defendant, or that defendant or anyone on his behalf requested that the Public Defender provide assistance to defendant (see, People v Platten, 175 AD2d 561, lv denied 78 NY2d 1129). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.