■ NATION's BANK MORTGAGE CORP., Plaintiff, v RUFUS JONES, Defendant. [668 NYS2d 958] —Motion for permission to appeal and other relief denied. Memorandum: An order denying a motion to vacate a prior order is appealable as of right, and permission to appeal is neither necessary nor appropriate. Defendant has failed to set forth facts demonstrating a meritorious appeal and has failed to serve the Monroe County Attorney (see, CPLR 1101 [a], [c]; 22 NYCRR 1000.14 [a] [2], [3]). Pursuant to CPLR 2219 (b) and the written authorization of the Presiding Justice of this Court, the Clerk of this Court has the authority to sign the orders of the Court. Present— Green, J. P., Wisner, Doerr, Balio and Boehm, JJ. (Filed Aug. 20, 1997.)

■ In the Matter of JOHN WARBURTON, Petitioner, v WILLIAM POLITO, as Supreme Court Justice, Respondent. [668 NYS2d 963] —Motion to vacate decision and for other relief denied. Memorandum: Petitioner has no cognizable basis for a CPLR article 78 proceeding because the relief that he seeks may be sought only on direct appeal. Petitioner may appeal from the order denying his motion to dismiss in the underlying action once an order has been entered and served. With respect to recusal of the Trial Judge in the underlying action, petitioner's remedy is to move for recusal and to appeal an adverse order, if any. Present—Green, J. P., Pine, Lawton, Hayes and Balio, JJ.

■ STEVEN M. PARIS et al., Respondents, v CARL N. REISS, Doing Business as CNR COMMERCIAL & RESIDENTIAL SERVICES, Appellant. [664 NYS2d 697] —Motion to extend time to perfect appeal denied with leave to renew on or before October 30, 1997, upon an affidavit demonstrating a reasonable excuse for the delay and an intent to perfect the appeal within a reasonable time. Memorandum: 22 NYCRR 1000.13 (f) provides that, in support of a motion to extend the time to perfect an appeal, "the appellant shall submit an affidavit demonstrating a reasonable excuse for the delay and an intent to perfect the appeal within a reasonable time." The affidavit of counsel stating merely that the parties have agreed to an extension does not comport with 22 NYCRR 1000.13 (f). Present—Pine, J. P., Lawton, Hayes, Wisner and Balio, JJ.