In the Matter of LEONZA WATKINS, Appellant, v ANTHONY J. ANNUCCI, as Deputy Commissioner of Correctional Services, et al., Respondents. [758 NYS2d 853] —Kane, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered May 15, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of the Board of Parole denying petitioner's request for parole release.

While serving a prior sentence of 5 to 10 years upon his conviction of robbery in the first degree, petitioner absconded

from a temporary release program in 1994. Petitioner remained at large for six months until he was arrested and charged with robbery in the first degree. Petitioner's initial plea conviction on this charge was reversed on appeal (*People v Watkins*, 228 AD2d 163 [1996], *lv denied* 89 NY2d 868 [1996]). Upon remittal, petitioner again pleaded guilty as charged, an updated presentence report was prepared and petitioner was sentenced as a second violent felony offender to a prison term of 6 to 12 years.

After petitioner was returned to the custody of the Department of Correctional Services (hereinafter DOCS), petitioner was found guilty of multiple violations of prison disciplinary rules arising from his abscondence. Supreme Court annulled this determination on procedural grounds and ordered all references to the disciplinary proceeding expunged from petitioner's institutional and departmental records. Petitioner thereafter filed a grievance contending that Supreme Court's order required expungement of all evidence of his abscondence and, after he was denied parole, brought an administrative appeal alleging that the parole determination was improperly based upon his unexpunged records and upon the original presentence report. Before a decision was rendered on his administrative appeal, petitioner commenced this CPLR article 78 proceeding to annul the decision of the Board of Parole, to have the updated presentence report placed in his record, to have his abscondence expunged from his record and to have the six-month period of his abscondence credited towards his sentence. Supreme Court dismissed the petition on the merits and this appeal ensued.

Initially, inasmuch as petitioner commenced this CPLR article 78 proceeding while his administrative appeal of the parole determination was still pending and did not pursue all administrative appeals from the denial of his grievance on his expungement claim, this proceeding should have been dismissed for failure to exhaust administrative remedies (*see Matter of Robinson v Bennett*, 300 AD2d 715, 716 [2002]; *Matter of Abdullah v Girdich*, 297 AD2d 844, 845 [2002]; *Matter of Howard v Travis*, 268 AD2d 832, 833 [2000]). In any event, were we to reach the merits, we would find petitioner's claims unavailing. Supreme Court properly found that the order to expunge all evidence of the annulled disciplinary proceedings did not require DOCS to expunge all evidence of petitioner's abscondence from his records. DOCS properly recalculated petitioner's sentence to reflect the period of abscondence (*see* Penal Law § 70.30 [7]) and the annulment of the disciplinary

adjudication did not entitle petitioner to credit for this period (*see Matter of Grant v Goord*, 252 AD2d 978, 979 [1998]).

Further, the Board's denial of parole rested on consideration of the proper statutory factors (*see* Executive Law § 259-i [2] [c]). Because petitioner's minimum sentence was set by the sentencing court, the Board was required to consider evidence of the seriousness of petitioner's offense, including petitioner's presentence report (*see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Walker v New York State Div. of Parole*, 203 AD2d 757, 758 [1994]). Inasmuch as the seriousness of petitioner's crime was not mitigated by the passage of time, we cannot say that the Board's consideration of the original presentence investigation for this purpose rendered its ultimate decision irrational (*see Matter of Silmon v Travis, supra* at 476).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ. concur. Ordered that the judgment is affirmed, without costs.