■ In the Matter of JOHN L. PLATTEN, Petitoner, v MARK H. DADD, as Genesee County Court Judge, Respondent. [833 NYS2d 771]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) seeking, inter alia, to compel respondent to seal petitioner's sentencing minutes pursuant to CPL 160.50 and 160.55 and to resentence petitioner.

It is hereby ordered that said petition be and the same hereby is unanimously dismissed without costs.

Memorandum: In January 1990 petitioner was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), and was sentenced to a term of imprisonment of 20 years to life. On appeal from his judgment of conviction, petitioner did not raise any issues with respect to the propriety of his sentence, and the judgment of conviction was affirmed by this Court (*People v Platten*, 175 AD2d 561 [1991], *lv denied* 78 NY2d 1129 [1991]). Thereafter, petitioner brought several post-trial motions contending that County Court "illegally enhanced" his sentence after improperly considering two inaccurate entries in the presentence report concerning the disposition of prior charges against petitioner. Most recently, petitioner moved pursuant to CPL 160.50 and 160.55 to seal the sentencing minutes containing references to those prior charges and to be resentenced. In an order dated May 23, 2006, respondent denied that motion and no appeal has been taken from that order. Petitioner then commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent to seal petitioner's sentencing minutes pursuant to CPL 160.50 and 160.55, and to compel respondent to resentence petitioner.

"Mandamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). Mandamus "will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion" (*Klostermann v Cuomo*, 61 NY2d 525, 539 [1984], quoting *Matter of Gimprich v Board of Educ. of City of N.Y.*, 306 NY 401, 406 [1954] [internal quotation marks omitted]). We conclude that the extraordinary remedy of mandamus does not lie in this instance because petitioner has failed to establish a clear legal right to the relief sought or that the relief sought involves the performance of a purely ministerial act (*see* CPL 160.50, 160.55 [3]). Contrary to the contentions of petitioner, neither CPL 160.50 nor 160.55 mandates that his sentencing minutes be sealed or that he be resentenced. We further conclude that mandamus is not appropriate here because petitioner is essentially seeking relief from an appealable order (*see Matter of Fontani v Hershowitz*, 12 AD3d 672, 673 [2004]; *see also People v Anonymous*, 7 AD3d 309, 310 [2004]). Moreover, petitioner has failed to establish why the instant contentions were not raised in his direct appeal from the judgment of conviction (*see Platten*, 175 AD2d 561 [1991]). In any event, we conclude that petitioner is collaterally estopped from relitigat-

ing the contentions raised in his petition (*see generally Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349-350 [1999]; *Summer v Marine Midland Bank*, 227 AD2d 932, 934 [1996]). Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.