# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

354
TP 11-01955
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF DEBBIE TEFFT, PETITIONER,

V                                          MEMORANDUM AND ORDER

STEPHANIE HUTCHINSON, EXECUTIVE DIRECTOR,
AUBURN HOUSING AUTHORITY, WILLIAM KIERST, JR.,
CHAIRMAN AND MEMBER, AUBURN HOUSING AUTHORITY
BOARD OF REVIEW, RODNEY RICHARDSON, TREASURER
AND MEMBER, AUBURN HOUSING AUTHORITY BOARD OF
REVIEW, SUE GRONAU, TENANT REPRESENTATIVE AND
MEMBER, AUBURN HOUSING AUTHORITY BOARD OF
REVIEW, AND AUBURN HOUSING AUTHORITY,
RESPONDENTS.

---

LEGAL SERVICES OF CENTRAL NEW YORK, INC., SYRACUSE (RUSSELL W. DOMBROW OF COUNSEL), FOR PETITIONER.

BOYLE & ANDERSON, P.C., AUBURN (ROBERT K. BERGAN OF COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered September 16, 2011) to review a determination of respondents. The determination terminated the tenancy of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination terminating her tenancy at a low-income housing project operated by respondent Auburn Housing Authority (AHA). We note at the outset that, to the extent that the petition seeks relief in the nature of mandamus to compel respondents to afford petitioner certain procedural safeguards before terminating her tenancy (*see* CPLR 7803 [1]), "the extraordinary remedy of mandamus does not lie . . . because petitioner has failed to establish a clear legal right to the relief sought or that the relief sought involves the performance of a purely ministerial act" (*Matter of Platten v Dadd*, 38 AD3d 1216, 1217, *lv denied* 9 NY3d 802). Contrary to petitioner's contention, respondents were not required to comply with the procedures set forth in the State Administrative Procedure Act because it applies only to agencies of the State government, not to local housing authorities such as AHA (*see Matter of 1777 Penfield Rd.*

*Corp. v Morrison-Vega*, 116 AD2d 1035, 1037).

We further conclude that, in light of the evidence that petitioner violated the provision of her lease prohibiting unauthorized persons from residing in her apartment, the determination terminating her tenancy was not arbitrary, capricious or an abuse of discretion (*see generally Matter of Delgado v New York City Hous. Auth.*, 88 AD3d 521).  Contrary to petitioner's further contention, we conclude that the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).  We reject petitioner's contention that a rental application signed by the unauthorized tenant may not constitute substantial evidence supporting respondents' determination on the ground that it was hearsay (*see generally Matter of S & S Pub, Inc. v New York State Liq. Auth.*, 49 AD3d 654, 654-655; *Matter of Danielle G. v Schauseil*, 292 AD2d 853, 853-854).  The unauthorized tenant listed petitioner's apartment as his current address on that application and indicated that he was paying monthly rent to petitioner.

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court