# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

695

OP 12-02197

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF JAAN AARISMAA, IV,
PETITIONER,

V                                           MEMORANDUM AND ORDER

HON. DENNIS F. BENDER, SURROGATE COURT JUDGE,
JANE LAWSON, CHIEF COURT CLERK, CRISTINA L. LOTZ,
SENECA COUNTY CLERK, FRANK R. FISHER, SENECA
COUNTY ATTORNEY, JOHN L. WAGNER, AS EXECUTOR, AND
MARK B. WHEELER, ATTORNEY, RESPONDENTS.

---

JAAN AARISMAA, IV, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS HON. DENNIS F. BENDER, SURROGATE COURT JUDGE
AND JANE LAWSON, CHIEF COURT CLERK.

HARRIS BEACH PLLC, ITHACA (MARK B. WHEELER OF COUNSEL), FOR
RESPONDENTS JOHN L. WAGNER, AS EXECUTOR AND MARK B. WHEELER, ATTORNEY.

FRANK R. FISHER, COUNTY ATTORNEY, WATERLOO, RESPONDENT PRO SE, AND FOR
CRISTINA L. LOTZ, SENECA COUNTY CLERK.

---

Proceeding pursuant to CPLR article 78 (initiated in the
Appellate Division of the Supreme Court in the Fourth Judicial
Department pursuant to CPLR 506 [b] [1]) to compel respondent Hon.
Dennis F. Bender to issue a default judgment in the Matter of the
Estate of Stanley A. Wagner, deceased, and for other relief.

It is hereby ORDERED that said petition is unanimously dismissed
with costs.

Memorandum: Petitioner commenced this original proceeding
pursuant to CPLR article 78 seeking, inter alia, to compel respondent
Honorable Dennis F. Bender to issue him a default judgment in an
estate matter in Surrogate's Court, Seneca County. We agree with
respondents that the petition should be dismissed in its entirety. It
is well settled that "[a] CPLR article 78 proceeding may not be used
to seek review of issues that could have been raised on direct appeal"
(*Matter of Estate of Rappaport v Riordan*, 66 AD3d 1018, 1018; *see
Matter of Tyler v Forma*, 231 AD2d 891, 891; *Matter of Venture Mag. v
White*, 103 AD2d 450, 451). Petitioner's contentions in this
proceeding all involve challenges to an October 2011 judgment and
decree that, inter alia, granted the motion of respondent John L.

Wagner, who is the executor of the estate of decedent, for summary judgment dismissing the petition in the estate matter, and to a November 2011 decision and decree imposing sanctions upon petitioner for frivolous and abusive litigation conduct.  Those challenges could and should have been raised on direct appeal from the decrees at issue and are not properly the subject of a CPLR article 78 petition (*see Estate of Rappaport*, 66 AD3d at 1018; *Matter of Wong v Chetta*, 271 AD2d 451, 451; *Hodge v LoRusso*, 181 AD2d 1009, 1009).  Although petitioner filed notices of appeal with respect to the relevant decrees, he failed to perfect the appeals in a timely manner (*see* 22 NYCRR 1000.12).

Petitioner's contention that respondents prevented him from preparing a record on appeal is likewise not properly before us and, in any event, that contention is without merit.  Petitioner neither submitted a proposed record to Wagner for his stipulation nor moved to settle the record in Surrogate's Court.

With respect to petitioner's claim for relief in the nature of mandamus compelling Surrogate's Court and respondent Cristina L. Lotz, Seneca County Clerk, to enter a default judgment pursuant to CPLR 3215 (a), we conclude that "the extraordinary remedy of mandamus does not lie . . . because petitioner has failed to establish a clear legal right to the relief sought or that the relief sought involves the performance of a purely ministerial act" (*Matter of Platten v Dadd*, 38 AD3d 1216, 1217, *lv denied* 9 NY3d 802; *see Matter of Tefft v Hutchinson*, 93 AD3d 1332, 1333; *Matter of Neal v White*, 46 AD3d 156, 161).  CPLR 3215 (a) provides that, "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him.  If the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default.  The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest . . . Where the case is not one in which the clerk can enter judgment, the plaintiff shall apply to the court for judgment."  Here, Wagner did not fail to appear in the estate matter; rather, he filed an answer with counterclaims and moved for summary judgment dismissing the petition.  Thus, CPLR 3215 (a) does not apply, and Lotz properly rejected petitioner's attempt to file a default judgment against Wagner.

With respect to petitioner's claims against Wagner and respondent Mark B. Wheeler, who was the attorney for Wagner in the estate matter, we agree with their contention that they are not "bod[ies] or officer[s]" against whom relief may be sought pursuant to CPLR article 78 (CPLR 7802 [a]).  In any event, petitioner's claims against Wagner and Wheeler, all of which arise from the assertion that their summary judgment motion was premature pursuant to CPLR 3212 (a), are without merit.  We further agree with respondents that many, if not all, of petitioner's claims are barred by the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217

[1]; *Wong*, 271 AD2d at 452) and that petitioner's claims for money damages against several of the respondents are barred by judicial immunity and quasi-judicial immunity (*see Welch v State of New York*, 203 AD2d 80, 81; *see generally Mosher-Simons v County of Allegany*, 99 NY2d 214, 219-220).  Petitioner's remaining claims for relief are unavailable in a CPLR article 78 proceeding and/or are wholly without merit (*see generally Matter of Parry v County of Onondaga*, 51 AD3d 1385, 1386-1387).

Finally, in light of the frivolous nature of this proceeding and petitioner's continued abuse of the judicial system, we conclude that imposition of costs is appropriate (*see generally Matter of Young v Costantino*, 281 AD2d 988, 988).

Entered:  July 19, 2013                          Frances E. Cafarell
                                                 Clerk of the Court