# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1278**

**OP 13-00015**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF STEVEN WISNIEWSKI,
PETITIONER-PLAINTIFF,

V                                        MEMORANDUM AND ORDER

HON. JOHN MICHALSKI, ERIE COUNTY SUPREME COURT
JUSTICE, FRANK A. SEDITA, III, ERIE COUNTY
DISTRICT ATTORNEY, ERIC T. SCHNEIDERMAN, ATTORNEY
GENERAL, BRIAN FISCHER, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, ANDREA W. EVANS, CHAIRWOMAN, NEW
YORK STATE BOARD OF PAROLE, AND ERIE COUNTY
DEPARTMENT OF PROBATION, RESPONDENTS-DEFENDANTS.

---

STEVEN WISNIEWSKI, PETITIONER-PLAINTIFF PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO, RESPONDENT-DEFENDANT
PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT-DEFENDANT PRO SE, AND FOR RESPONDENTS-
DEFENDANTS ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, BRIAN FISCHER,
COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, AND ANDREA W. EVANS, CHAIRWOMAN, NEW YORK STATE BOARD OF
PAROLE.

JOHN W. MCCONNELL, OFFICE OF COURT ADMINISTRATION, NEW YORK CITY, FOR
RESPONDENT-DEFENDANT HON. JOHN MICHALSKI, ERIE COUNTY SUPREME COURT
JUSTICE.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (MICHAEL J. PACIFICO OF
COUNSEL), FOR RESPONDENT-DEFENDANT ERIE COUNTY DEPARTMENT OF
PROBATION.

---

Proceeding/action pursuant to, inter alia, CPLR article 78, CPLR 3001 and CPLR 7001 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to, among other things, vacate the determination of the New York State Board of Parole. The determination denied the release of petitioner-plaintiff to parole supervision.

It is hereby ORDERED that said amended petition/complaint is unanimously dismissed without costs.

Memorandum:  Petitioner-plaintiff (petitioner) commenced this proceeding/action pursuant to, inter alia, CPLR article 78, CPLR 3001, and CPLR 7001 seeking various forms of relief, including his immediate release from prison, in connection with a criminal conviction.  We agree with respondents-defendants that the amended petition/complaint should be dismissed in its entirety.  It is well settled that "[a] CPLR article 78 proceeding is not the appropriate method to seek review of issues that could be raised on direct appeal" or by a motion pursuant to CPL article 440 (*Matter of Tyler v Forma*, 231 AD2d 891, 891; *see People v ex rel. Smith v Graham*, 109 AD3d 1113, 1113).  Here, to the extent that petitioner contends that Supreme Court abused its discretion in failing to adhere to the plea agreement, that his pleas of guilty and waiver of the right to appeal were involuntary, and that the People committed a *Brady* violation, we conclude that those contentions could have been raised by a direct appeal from the judgment of conviction or by way of a CPL article 440 motion and thus are not properly the subject of a CPLR article 78 petition (*see Smith*, 109 AD3d at 1113; *Matter of Aarismaa v Bender*, 108 AD3d 1203, 1204).

With respect to petitioner's claim for relief in the nature of mandamus compelling Supreme Court to correct the uniform sentence and commitment and to render a decision on petitioner's pending CPL article 440 motion, we conclude that "the extraordinary remedy of mandamus does not lie . . . because petitioner has failed to establish a clear legal right to the relief sought or that the relief sought involves the performance of a purely ministerial act" (*Matter of Platten v Dadd*, 38 AD3d 1216, 1217, *lv denied* 9 NY3d 802).  The determination of a postjudgment motion is not a "ministerial act" and, further, petitioner has not demonstrated a "clear legal right to the relief sought" (*Matter of Uccio v Silber*, 55 AD3d 615, 616; *see Matter of Legal Aid Socy. of Sullivan County, Inc. v Scheinman*, 53 NY2d 12, 16).  Petitioner likewise failed to establish a clear legal right to "correction" of the uniform sentence and commitment (*see generally Matter of Dolan v Efman*, 94 AD3d 1116, 1116, *appeal dismissed* 19 NY3d 937; *Uccio*, 55 AD3d at 616) and, in any event, even assuming, arguendo, that the uniform sentence and commitment is inaccurate, we conclude that petitioner has an adequate remedy at law, thus rendering mandamus relief inappropriate (*see Matter of State of New York v King*, 36 NY2d 59, 62).

Petitioner's contention that the presentence investigation report (PSR) prepared in connection with his 2009 conviction and the 2009 sentencing minutes should be expunged from his institutional record is not properly before us inasmuch as he failed to exhaust available administrative remedies with respect to that contention (*see Matter of Watkins v Annucci*, 305 AD2d 889, 890; *cf. Matter of Brown v Goord*, 19 AD3d 773, 774).  To the extent that petitioner challenges the inclusion of certain information in the 2009 PSR, that challenge is likewise not properly before us inasmuch as it "should have been raised before the sentencing court, prior to sentencing" (*Matter of Champion v Belmont*, 12 AD3d 1152, 1152; *see Matter of Carter v Evans*, 81 AD3d 1031, 1031-1032, *lv denied* 16 NY3d 712).  In any event, petitioner has made no showing that the information contained in the

2009 PSR is inaccurate (*see People v Rudduck*, 85 AD3d 1557, 1557-1558, *lv denied* 17 NY3d 861; *cf. People v Freeman*, 67 AD3d 1202, 1202).

Petitioner further seeks to vacate the determination of the New York State Board of Parole (Board) denying his release to parole supervision.  Contrary to petitioner's contention, the Board "was entitled to rely on the information contained in the [2009] presentence investigation report" and, as previously noted, "petitioner is foreclosed from challenging the accuracy of that report here, inasmuch as he failed to raise such a challenge before the sentencing court" (*Carter*, 81 AD3d at 1031).  With respect to petitioner's remaining challenges to the parole determination, it is well settled that, "[w]here, as here, there is no 'showing of irrationality bordering on impropriety,' judicial intervention is not warranted" (*Matter of Johnson v Dennison*, 48 AD3d 1082, 1083, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77; *see Matter of Gaston v Berbary*, 16 AD3d 1158, 1159).

To the extent that petitioner challenges the determinations of the Board and/or the New York State Department of Corrections and Community Supervision (DOCCS) with respect to work release, temporary release, presumptive release, merit time and merit release, those challenges are untimely inasmuch as they were not interposed "within four months after the determination[s became] final and binding" (*Matter of Hayes v Evans*, 98 AD3d 1207, 1208; *see* CPLR 217 [1]; *Matter of Velez v New York State Div. of Parole*, 104 AD3d 1013, 1013; *Matter of Purcell v Dennison*, 29 AD3d 1128, 1128-1129).  Moreover, petitioner failed to exhaust his administrative remedies with respect to the work release and presumptive release determinations (*see generally Watkins*, 305 AD2d at 890).

Petitioner's application for a writ of habeas corpus is procedurally defective (*see* CPLR 7004 [b]; *People ex rel. Backus v Broome County Dept. of Social Servs.*, 240 AD2d 786, 787; *People ex rel. Doe v Beaudoin*, 102 AD2d 359, 362) and, in any event, "[b]ecause the [amended] petition[/complaint] raises issues that [may be] raised on petitioner's direct appeal [or] by a CPL article 440.10 motion, habeas corpus relief is unavailable" (*People ex rel. Lyons v Conway*, 32 AD3d 1324, 1324, *lv denied* 8 NY3d 802; *see People v ex rel. Smith v Graham*, 109 AD3d 1113).

Finally, we conclude that petitioner's remaining claims for relief are unavailable and/or are without merit.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court