*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 16, 2014        518783
_____

In the Matter of CONCORD
   ASSOCIATES, L.P., et al.,
               Petitioners,

    v

FRANK J. LaBUDA, as Acting
   Justice of the Supreme           MEMORANDUM AND JUDGMENT
   Court,
               Respondent,
    and

EPT CONCORD, LLC, et al.,
               Respondents.
_____

Calendar Date: September 9, 2014

Before: Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

     DelBello Donnellan Weingarten Wise Wiederkehr, LLP, White Plains (Robert Hermann of counsel), for petitioners.

     Morrison Cohn, LLP, New York City (Y. David Scharf of counsel), for EPT Concord, LLC and another, respondents.

_____

Egan Jr., J.

     Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, direct respondent Acting Justice of the Supreme Court to recuse himself from presiding over a declaratory judgment action.

     Petitioners and respondents EPT Concord, LLC and EPT Concord II, LLC (hereinafter collectively referred to as EPT)

previously were engaged in a cooperative effort to site a casino resort in Sullivan County.  A dispute subsequently arose between those parties regarding that project, prompting petitioners to commence a declaratory judgment action against EPT in Supreme Court, Sullivan County, which was assigned to respondent Acting Justice of the Supreme Court (hereinafter respondent). Thereafter, various motions were made in the context of that action.  In the interim, EPT advanced its own proposal to site a casino in Sullivan County, thereby placing petitioners and EPT in direct competition for casino development in that region.

In early 2014, while those motions were pending, petitioners became aware of public comments attributed to respondent's spouse, Kathleen LaBuda, a member of the Sullivan County Legislature, wherein she indicated, among other things, that she did not support siting a casino in the Town of Mamakating, Sullivan County, where she and respondent allegedly reside, and expressed a preference for the casino proposal advanced by EPT.  As a result, petitioners made an oral motion requesting that respondent recuse himself from presiding over the declaratory judgment action, asserting that Kathleen LaBuda's public comments regarding certain of the casino proposals created the appearance of a conflict.  After noting that he had neither read any newspaper articles about his spouse's comments nor had any conversations with her about proposed casino development, respondent assured the parties that the fact that his spouse might be favoring a particular developer in the casino business would have no impact upon his impartiality and fairness and issued a bench decision denying petitioners' application. Petitioners thereafter commenced, by order to show cause, the instant CPLR article 78 proceeding in this Court seeking, among other things, an order directing respondent to recuse himself from presiding over any further proceedings in the context of the declaratory judgment action.[1]

A CPLR article 78 proceeding is not an appropriate vehicle for seeking review of issues that could be raised upon a direct appeal (see Matter of Wisniewski v Michalski, 114 AD3d 1188, 1188

---

[1]  Respondent did not appear in this proceeding.

[2014]; <u>Matter of Aarismaa v Bender</u>, 108 AD3d 1203, 1204 [2013]; <u>Matter of Estate of Rappaport v Riordan</u>, 66 AD3d 1018, 1018 [2009]), including the denial of a party's request that a judge recuse himself or herself from presiding over a particular matter (see <u>Matter of Daniels v Lewis</u>, 95 AD3d 1011, 1012 [2012]). Rather, petitioners' remedy — at that point in time — was to either reduce respondent's bench decision on the recusal motion to a written order, serve a copy of that order and the corresponding notice of entry upon EPT and timely file an appeal therefrom (see <u>Matter of Warburton v Polito</u>, 242 AD2d 979, 979 [1997]; <u>cf. Matter of Marc D. v Fulton County Dept. of Social Servs.</u>, 79 AD3d 1534, 1535 [2010]) or, alternatively, await decision on the underlying summary judgment motions and, if aggrieved thereby, challenge the denial of their recusal motion upon a direct appeal from that order.[2]  Accordingly, we are required to dismiss this proceeding.[3]

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

---

[2]  Counsel advised this Court at oral argument that respondent subsequently rendered a decision on the then-pending motions that, among other things, awarded summary judgment to EPT.  Accordingly, petitioners now must challenge the denial of their recusal motion in the context of a direct appeal from the order granting summary judgment in favor of EPT.

[3]  We note that while we discern no statutory basis for respondent's disqualification in this matter (see Judiciary Law § 14), the Rules Governing Judicial Conduct (22 NYCRR part 100) do compel a judge to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary," to refrain from "allow[ing] family, social, political or other relationships to influence [his or her] judicial conduct or judgment" (22 NYCRR 100.2 [A], [B]) and "to avoid even the appearance of impropriety" (<u>Matter of George [State Commn. on Jud. Conduct]</u>, 22 NY3d 323, 331 [2013]; see 22 NYCRR 100.2). Further, while the decision of whether to recuse oneself from a particular matter lies within the discretion of the deciding judge, that discretion is not unlimited.

ADJUDGED that the petition is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court